BELDEN v. HENRIQUES.

8    87
122   461

Fraud may consist in the misrepresentation, or the concealment of material facts, and may be inferred from the circumstances and condition of the parties contracting.
In order to sustain the allegations of fraud and deceit in contracting a debt, it is necessary to prove that the representations alleged to have been fraudulent and deceitful, were not true.

APPEAL from the Superior Court of the City of San Francisco.

Tabitha Belden commenced this action against defendant to recover the sum of eight hundred and ninety-five dollars and interest, which she alleged that she had been induced by the false and fraudulent representations of defendant, to the effect that he was a man of extensive business relations, etc., to place in his hands, to be invested by him for her, so that it would produce

her the sum of three per cent. per month, which said money he had afterwards given his note to her for, and never paid, except the sum of twenty-five dollars. She also, at the commencement of the suit, caused the defendant to be arrested and held to bail. The case was submitted to the jury on the following charge of the Court, refusing the one asked by defendant, on the ground that the charge included it:

"That the question for them to decide was, whether the defendant was guilty of fraud in procuring the money from the plaintiff.

"It is the province of the jury to determine under the evidence, whether the defendant obtained the plaintiff's money by deceitful and fraudulent representations. The jury should take into consideration the character of the parties, the means used, and all the circumstances; and if they shall believe from the evidence, that the defendant obtained the money by falsely representing to her that he would keep it safely for her; and that she let him have it, relying on the truth of these representations; and that the representations were untrue; and that the defendant owes her the money, and refuses to pay it; and has given no sufficient excuse or explanation of his conduct in the premises; then the defendant is guilty of deception and fraud, and the jury should so find. But on the contrary, if the jury believe from the evidence, that the defendant did not use fraudulent means to obtain the money, they should not find the fraud against him, but only an ordinary verdict for the money actually due."

The jury found the defendant guilty of fraud, and also found the amount of the debt.

Judgment being entered on the verdict, the defendant moved for a new trial, which being denied, he appealed from the order refusing the new trial, and from so much of the judgment as stated the fraud.

*John V. Wattson* for Appellant.

*S. M. Bowman* for Respondent.

MURRAY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

This was an action to recover a certain amount of money, alleged to have been fraudulently obtained from the plaintiff. The defendant admitted the debt, but denied the fraud. The case went to the jury upon this question alone, and they returned a verdict that "the defendant was guilty of deception and fraud in contracting the debt." The appellant contends that the evidence is insufficient to justify the finding.

Fraud may consist in the misrepresentation, or the conceal-

ment of material facts, and may be inferred from the circumstances and condition of the parties contracting. The evidence in this case was sufficient to warrant the jury in finding the fact of fraud, and we see no good reason for disturbing their verdict.

The appellants assign as error, the refusal of the Court to charge the jury, "that the plaintiff, to sustain the allegations of fraud and deceit in contracting the debt as set forth in the complaint, must prove on the trial, that the representations alleged to have been fraudulent and deceitful, were not true."

This instruction was undoubtedly correct, but was refused by the Court, on the ground that it had been already substantially given by the Court. A reference to the instructions of the Court shows that such was the fact, and the verdict establishes the conclusion, that the jury were not misled by the refusal.

Judgment affirmed.