[No. 12878.  In Bank. — May 23, 1889.]

# S. L. HANSCOM, RESPONDENT, v. T. W. DRULLARD, APPELLANT.

SALE OF NEWSPAPER — FRAUDULENT REPRESENTATIONS — EVIDENCE OF VALUE — IDENTIFICATION. — In an action for damages for fraudulent representations by a vendor in the sale of the business, stock, and appurtenances of a newspaper, evidence of the value of the property sold at a time not remote from the time of sale is competent and relevant as tending to throw light upon the value at the time of sale; and the fact that the property was pointed out to the witness by one who knew it to be the property sold is a sufficient identification of the property the value of which is testified to.

ID. — EVIDENCE AS TO NUMBER OF SUBSCRIBERS — HARMLESS ERROR. — In such action, where evidence was allowed that when the newspaper sold by the defendant to the plaintiff was formerly sold to the defendant by a third party the number of subscribers was larger than the number shown by the books of the defendant at the time of the sale to plaintiff, such evidence could not have harmed the defendant, conceding without deciding that it was immaterial.

ID. — MODIFICATION OF INSTRUCTIONS — FRAUD — PREPONDERANCE OF EVIDENCE. — A modification of an instruction by making it read that fraud must be established by a preponderance of evidence, instead of by clear and convincing evidence, is not ground of reversal of the judgment, if the jury is elsewhere instructed that the evidence must be clear and convincing so as to satisfy the minds of the jury by a preponderance of evidence that the alleged fraudulent repesentations were false, and were made with intent to deceive and induce the plaintiff to enter into the contract, and did so deceive and induce him to enter therein, to his damage.

ID. — FRAUDULENT PREVENTION OF USE OF MEANS OF KNOWLEDGE. — An instruction that plaintiff cannot recover in an action for fraudulent representations accompanying a sale, "unless he was deceived by the alleged representations, and if the means of knowledge are at hand, equally available to both parties, and the subject of purchase is alike open to their inspection, if the purchaser does not avail himself of these means and opportunities, he will not be heard to say that he has been deceived," is properly modified by adding the words, "unless he was induced by the trick or misrepresentations of defendant not to make such inspection," if the evidence is such as to warrant the modification.

ID. — LIABILITY FOR WILLFULLY FALSE REPRESENTATIONS. — An instruction that if the representations made by defendant accompanying a sale to plaintiff as to the value of the property sold "were untrue, yet defendant would not be liable if he professed to rely on the knowledge of others, and gave the source of his information, which plaintiff consulted and found to be true," is properly modified by adding the words "unless the defendant knew and had reason to believe that they were untrue."

ID. — MEASURE OF DAMAGES. — In an action for false representations, accompanying a sale of property, the jury cannot find for the plaintiff in any greater sum than the actual damage proved by a preponderance of evidence to have been sustained by the plaintiff.

INSTRUCTIONS. — If the instructions taken as a whole could not have misled the jury, and the law was properly given under the pleadings and evidence, it is sufficient.

APPEAL from a judgment of the Superior Court of Stanislaus County, and from and order denying a new trial.

The action was brought for false representations alleged to have been made by defendant in the sale to plaintiff of the printing-office and business of the Modesto Herald. The witness Wagstaff testified that when he sold the Modesto Herald to the defendant it had 380 subscribers; to which evidence the defendant objected as irrelevant and immaterial. The further facts are stated in the opinion.

*P. J. Hazen,* and *Hatton & Fulkerth,* for Appellant.

*Schell, Bond & Eastin,* for Respondent.

FOOTE, C.—This is an action for damages alleged to have resulted from the practice by the defendant toward the plaintiff of false and fraudulent representations in the sale to the latter of the appurtenances, stock, and business of a newspaper.

The plaintiff recovered a judgment, from which, and an order refusing a new trial, the defendant appeals.

The errors relied on for a reversal of the judgment and order are, that the court should not have admitted certain evidence for the plaintiff, and that it improperly gave certain instructions, modified some, and refused others.

The ground of objection to Maddrill's testimony was, that it was not shown that the property about which he attempted to fix the value was identified as that sold to

plaintiff, and that his estimate was made about the time of the trial, and not at the time of sale, and was therefore immaterial, irrelevant, and incompetent.

The property was pointed out to the witness by Porter, who knew it. That was a sufficient identification. While the estimate of value was not made at the very time of the sale, it was made at a time not remote from it, and although not conclusive as to the value, it was, not immaterial, incompetent, or irrelevant, since it tended to throw some light upon the question of value, one of the matters in issue.

One of the questions put to Wagstaff, another witness, was not answered, the court sustaining the objection made. The other question asked him sought to elicit information as to the number of paying subscribers of the newspaper when the witness sold it to the defendant, in 1887, some time before the sale to the plaintiff.

Conceding without deciding that the evidence was immaterial, yet it could not have harmed the defendant. He only claims, in his answer, upon information and belief, that he had more than 333 paying subscribers,— how many more is not stated. In his testimony upon the subject, he does not fix the number of such subscribers, or claim there were more than 333. Neither does he attempt to do so by his witness Medley, who, he says, knew more about the business than he did. While Hanscom, whose statement, which is not now claimed as immaterial, is derived from the defendant's book, and is not controverted, states that there were 338 paying subscribers in May, June, and July, 1887, a short time after the sale by Wagstaff to Drullard.

The court modified instruction 1, first asked by defendant, by making it read that fraud must be established by "a *preponderance*" of evidence, instead of by "clear and convincing evidence," but elsewhere, at the request of the defendant, the jury was instructed: "Before the plaintiff can recover in this action, the evidence

must be clear and convincing so as to satisfy your minds by a preponderance of evidence, —

"1. That the alleged fraudulent representations, or a substantial part of them, were made by the defendant.

"2. That such representations were false.

"3. That they were made with the intent to deceive the plaintiff and induce him to enter into the contract.

"4. That they did so deceive him and induce him to enter into the contract.

"5. That the plaintiff was damaged thereby. Unless each of these facts is shown to your satisfaction by a preponderance of evidence, you should find for the defendant."

The third instruction, first asked by the defendant, is: —

"Plaintiff cannot recover in this action unless he was deceived by the alleged representations, and if the means of knowledge are at hand equally available to both parties, and the subject of purchase is alike open to their inspection, if the purchaser does not avail himself of these means and opportunities, he will not be heard to say that he has been deceived." The court added: "Unless he was induced by the trick or misrepresentations of defendant not to make such inspection."

A man may perhaps be able to discover for himself what he ought to know if left to his own devices, but where he is induced by the artifice of another not to use his opportunities, it would seem hardly fair that the one using the trick or misrepresentation should remain protected. The court below evidently thought the evidence warranted the modification, and we cannot say that it was wrong in its conclusion.

Instruction No. 2 for defendant was modified by inserting the words, "unless the defendant knew or had reason to believe they were untrue." The language was added to an instruction which told the jury that if the representations made to the plaintiff as to the value of the property sold was untrue, yet defendant would not

be liable if the defendant professed to rely on the knowledge of others and gave the source of his information, which plaintiff consulted and found to be true. If the defendant had any reason to know that such representations were untrue, the fact that he gave the sources of information, and did not profess to be informed himself, would not absolve him. His conduct would simply mislead the plaintiff to his prejudice, and must have been willful if the defendant had reason to know that the information which the plaintiff should obtain would be untrue. The modification is in accordance with the provisions of section 1710 of the Civil Code, and of the rule laid down in *Davidson* v. *Jordan,* 47 Cal. 353, where it is said, with reference to a similar affair, "representations made in that manner cannot be said to be false or fraudulent unless Frank knew or had reason to believe them to be untrue."

Instruction No. 5, given for the defendant, where it reads that the jury "cannot find for the plaintiff in any sum greater than the actual damage proved by a preponderance of the evidence in the case to have been sustained by the plaintiff" states the correct rule as to damages, and the jury cannot have been misled as to that matter.

The appellant, in his brief, declares that he refrains from pointing out specifically the imperfections claimed to exist in the instructions, but says that the whole effect of them as given was to mislead the jury, and cause it to decide the case on erroneous views of the law, and that the principles of law denied to the defendant are too well known to require citation of authorities.

We have examined the instructions as given, and have become satisfied that, taken as a whole, they could not have misled the jury, and that the law was properly given under the pleadings, facts, and circumstances as shown in the record. This is sufficient, as held in many cases. (*People* v. *Tomlinson,* 66 Cal. 397.)

We advise that the judgment and order be affirmed.

Belcher, C. C., and Hayne, C., concurred.

The Court. — For reasons given in the foregoing opinion, the judgment and order are affirmed.