[L. A. No. 4210. Department Two.—May 3, 1918.]

# B. J. EDMONDS, Appellant, v. H. W. WILCOX, Respondent.

TRIAL—JURY—INSTRUCTION ON CONCEDED FACTS.—A statement by the court in instructions to the jury that a certain fact was assumed by the parties on the trial, and that for that reason no proof had been given of such fact, was an "instruction on the facts," but error could not be predicated on such an instruction, in the absence of anything in the record to show the statement that the fact had been conceded was not true.

PROMISSORY NOTE—FRAUD—PLEADING.—Where, in an action on certain promissory notes which had been issued on renewal of other notes given in payment of a subscription for stock in a corporation, the defense set up in the answer was that the original notes were procured through the fraudulent representations of agents of a bank to whom the original notes were issued, and that at the time of the execution of the renewals, the holders of the original notes "ratified and confirmed the statements and representations" made to induce the execution of the original notes, this latter statement was an allegation of fact and not a conclusion.

ID.—CORPORATION STOCK—STATEMENTS AS TO VALUE.—Statements in such case that the bank would not take five dollars a share for its stock if it could not get more, that the bank regarded the stock as ample security for a loan of its face value, that the corporation was "one of the solid financial institutions of the coast," that the dividends arising from the company were so large that they would pay off the note, and that the banks preferred that form of security to any other and would gladly renew the notes, when the stock was in fact worthless, were statements of value and not mere expressions of opinion.

ID.—INSTRUCTIONS—PROOF OF FRAUD REQUIRED—PREPONDERANCE OF EVI-
DENCE SUFFICIENT.—Judicial expressions concerning the necessity of
clear and satisfactory proof of fraud must be construed in the light
of the fundamental rule that under subdivision 5 of section 2061 of
the Code of Civil Procedure, a preponderance of the evidence con-
trols in a civil case, and, therefore, in a case where fraud is the
issue, the jury is properly instructed that the case must be decided
according to the preponderance of the evidence.

APPEAL from a judgment of the Superior Court of San
Diego County.   C. N. Andrews, Judge.

The facts are stated in the opinion of the court.

Sam Ferry Smith, and Ward, Ward & Ward, for Appellant.

Shreve, Reed, Sample & Shreve, and Theodore Stensland,
for Respondent.

WILBUR, J.—This is an action brought by the plaintiff to
recover judgment upon two promissory notes assigned to him
for collection.   These notes were given in renewal of notes
given in payment of a subscription for stock in the Western
Underwriting and Mortgage Company, one to each of two
banks.   Subsequently, on April 4, 1913, the defendant exe-
cuted renewal notes.   It is claimed by defendant that the
original notes were procured by fraudulent representations.
But the appellant claims that at the time of the giving of the
renewal notes, April 4, 1913, plaintiff had become aware of
the fraud, and that, therefore, he waived the fraud by giving
the renewal notes.

After the opening statement by defendant, which was con-
strued by the plaintiff as an admission of knowledge and,
therefore, a waiver by defendant of the original fraud at the
time of the giving of the renewal notes, the court on motion
of the plaintiff made on that ground excluded evidence of the
original fraud, and by ruling on the evidence and by instruc-
tion to the jury confined the defendant to evidence of fraud
at the time of said renewal.   The court in instructing the jury
as to the measure of damages stated that it was assumed by
the parties on the trial that the stock was of the value of two
dollars per share (the amount paid therefor) if the original
representations were true, and that for that reason no proof

had been given as to the value thereof in that event, and that the jury should so assume. While this was no doubt an instruction on the facts, it is stated to be on conceded facts, and we cannot say from the record printed in the briefs and before us that this was not correct, as it is presumed to be.

The only fraud alleged in the answer to have occurred at the time of the renewal of the notes is that the agents of the banks holding the notes "then and there ratified and confirmed the statements and representations so made by said agent, A. O. Garrett and L. U. McKee, and the said L. A. Blocman as aforesaid." It is claimed that this is but an allegation of a conclusion, but it is an allegation that the agent of the bank in effect repeated the previous false statements of the agents who sold the stock, which were set out in great detail in the answer, containing forty-two pages. The jury found on the issue thus presented in favor of the defendant. One of these representations that was thus confirmed by the agent of the banks was that "they wouldn't take five dollars a share for their shares if they couldn't get more," and that the bank regarded the stock as ample security for a loan of its face value. As the stock was actually worthless, and so found to be by the jury, this could hardly be classed as a mere expression of opinion. It was a statement of value which, taken alone, might be so regarded, but reinforced by the assertion that the banks regarded the stock as ample security for a loan of the face value thereof, without regard to the financial standing of the purchaser; that the Western Underwriting and Mortgage Company was "one of the solid financial institutions of the coast"; that the dividends arising from the company were so large that they would pay off the notes; that the banks preferred that form of security (the stock) to any other, and would gladly renew the notes, coupled with the actual loan by the banks of the face value of the stock, and the immediate renewal thereof, amply justified the jury in its finding of fraud. (See *Barron Est. Co.* v. *Woodruff Co.*, 163 Cal. 561, [42 L. R. A. (N. S.) 125, 126 Pac. 351].)

The court instructed the jury that the case must be decided according to the preponderance of the evidence. This is correct. (*De Kahn* v. *Chase*, 177 Cal. 281, [170 Pac. 608].) This is the statutory rule in civil cases, and all judicial expressions concerning the necessity of clear and satisfactory proof of fraud must be construed in the light of the

fundamental rule that a preponderance of the evidence controls in a civil case.    (Code Civ. Proc., sec. 2061, subd. 5.)
    Judgment affirmed.

Melvin, J., and Victor E. Shaw, J., *pro tem.*, concurred.