[Civ. No. 4872. Second Appellate District, Division Two.—February 6, 1928.]

R. FERRO, Appellant, v. LOS ANGELES FIRST NATIONAL TRUST & SAVINGS BANK, as Administrator, etc., Respondent.

Fred Horowitz and Girard F. Baker for Appellant.

R. W. Richardson and James H. O'Neill for Respondent.

VALENTINE, J., *pro tem.*—This was an action brought by the plaintiff as the assignee of one Pietro Ferro, against G. C. B. Swisher, since deceased, and Angelus Young. A trial was had by the court without a jury, and upon the conclusion of the trial judgment was given in favor of the plaintiff and against the defendant Angelus Young, and in favor of the defendant Swisher, against the plaintiff. This appeal is by the plaintiff against that portion of the judgment wherein judgment was given in favor of the defendant Swisher.

We cannot see that there is anything before this court for consideration, except the question of whether the findings support that portion of the judgment in favor of the defendant Swisher.

There is no specification that the evidence fails to support any of the findings of the trial court, nor any assignment of error.

The first fifteen pages of appellant's brief are devoted to a statement of the pleadings and the facts and "the important features of this case in their chronological order," immediately after which, on page 16, is the following: .

"The questions involved in this appeal are these:

"1. Can it be said that adversaries in a lawsuit occupy such a relation of trust and confidence that the parties are exonerated from reading contracts with each other?

"2. Assuming that there was a confidential relationship existing between the defendant Swisher and the defendant

Young, can it be said that any misrepresentation by the defendant Young is chargeable to plaintiff's assignor?

"3. Where the defendant Swisher knew that he was signing as *surety* for the defendant Young and in favor of the plaintiff's assignor, Ferro, and where the defendant Swisher had the utmost confidence in the defendant Young, can the defendant Swisher then state that he believed that the amount of his obligation was less than that stated in the instrument, and that the legal effect of the instrument was different from that which he believed?"

The evidence shows that Swisher was blind, but not dumb, and that he not only could, but apparently did, so state.

There being no specification of the particulars in which the evidence was insufficient to sustain the findings we must accept the findings of fact as true. (2 Cal. Jur., p. 708, sec. 407 et seq., and the numerous cases there cited.)

As to this respondent the court found as follows:

"The court finds that the agreement, designated as a lease contract, for the purchase of a certain Hudson automobile for the consideration of one thousand eight hundred thirty-five and 43/100 dollars ($1,835.43), payable in installments, was signed by the defendants, Angelus Young and G. C. B. Swisher, but that at the time the said Swisher, defendant, signed said agreement he did not read same on account of his blindness and extreme near-sightedness, it being almost impossible for him to read, and that he was induced to and did sign said paper wholly on the statements and representations of the plaintiff's assignee Pietro Ferro, and of the defendant, Angelus Young, and relied solely upon the statements and representations of said Angelus Young and Pietro Ferro that said instrument was only a lease to protect the said Ferro and that the automobile was full security therefor, and that there would be no liability of the said Swisher thereon; that the said automobile was never delivered to the said Swisher and he never had possession thereof, and the signing of said instrument was wholly without consideration to Swisher, and that he had no knowledge at the time he signed said instrument of the character of same and the obligations contained therein and he would not have signed same had he known the kind of a paper or obligation he was signing, he being at the time more than

eighty years of age, unable to read, and signed said paper wholly upon the false representations and statements of the said Angelus Young and the said Pietro Ferro;

"That said agreement is binding upon the said defendant Angelus Young, but is not an obligation of the defendant G. C. B. Swisher, and the said Swisher is not liable thereon."

The court then finds that the whole sum provided in the contract ($1,835.40) with interest is due from defendant Young to plaintiff, and that $200 is a reasonable attorneys' fee, and as conclusions of law as to said defendant Swisher:

"That the defendant, G. C. B. Swisher, also known as Givens C. B. Swisher, was deceived and misled and was induced to sign said lease contract upon the false statements and representations of Pietro Ferro and Angelus Young, the said Swisher being unable to read same and did not read said agreement, and the instrument sued upon was not the obligation of the said Swisher; that he, the said Swisher, did not knowingly sign same, therefore, is not liable thereon to the plaintiff in any sum by reason thereof." And rendered judgment accordingly, and that defendant Swisher recover costs from plaintiff.

■ Appellant in his argument relies upon the case of *Hawkins* v. *Hawkins*, 50 Cal. 558, and cites other cases in which it is claimed that case has been affirmed. That case is decided upon the doctrine that where without any intention of especial trust and the means of knowledge being equally available to each, two parties sign a contract of purchase and sale, the seller may not assail the terms of the contract solely because he read with difficulty. But the doctrine of that case and like authorities does not apply to cases of actual fraud and misrepresentation (*Belden* v. *Henriques*, 8 Cal. 87; *Roseman* v. *Canovan*, 43 Cal. 110), which the court found existed in the case at bar and as stated above, we must accept those findings as true. In *Hanscom* v. *Drullard*, 79 Cal. 237 [21 Pac. 736], the court says: "A man may perhaps be able to discover for himself what he ought to know if left to his own devices, but where he is induced by the artifice of another not to use his opportunities it would seem hardly fair that the one using the trick or misrepresentation should remain protected."

The findings amply support the judgment as given in favor of defendant Swisher.

Judgment affirmed.

Craig, Acting P. J., and Thompson, J., concurred.