7 Cal.App.2d 624 (1935)
In the Matter of the Estate of LOUISA S. JANVIER, Deceased. ELEANOR LORD LEWIS et al., Appellants,
v.
RAYMOND G. THOMPSON et al., as Executors, etc., Respondents.
Civ. No. 10379. 
California Court of Appeals. Second Appellate District, Division Two. 
June 14, 1935.
 Goudge, Robinson & Hughes, David A. Sondel and Charles M. Fueller for Appellants.
 John Perry Wood for Respondents.
 Crail, J.
 The plaintiffs are contesting the probate of two codicils to the will of the decedent upon the alleged ground of undue influence upon the part of Raymond G. Thompson, who was the attorney for the decedent at the time the codicils were executed and who took part in the preparation of them. One of these codicils bequeathed to the said defendant a part of her estate. The plaintiffs rely for proof upon the presumption of undue influence which the law creates where one who unduly profits by a will sustains a confidential relationship to a testator and actively participates in procuring the execution of the will. (Estate of Lances, 216 Cal. 397 [14 PaCal.2d 768]; Estate of Witt, 198 Cal. 407 [245 P. 197].)
 [1] It is the first contention of the plaintiffs that the presumption of undue influence was not overcome by the evidence of the defendants. It is sufficient for us to say that there was substantial evidence to overcome the presumption, and the jury resolved the question in favor of the defendants *626 by a special verdict which this court would not be justified in upsetting on appeal.
 [2] The plaintiffs' next contention is that prejudicial error was committed by the trial court in refusing to admit in evidence a letter written by defendant Thompson to one of the kin of the decedent after the death of decedent in which he used the expression, "her estate is left to charity and friends". The plaintiffs contend that the letter shows lack of candor on the defendant's part in failing to state that he was one of the beneficiaries. Contestants urge that "in a case of this kind, the jury was entitled to know all facts from which any reasonable deduction or conclusion might be made respecting the integrity, honesty, candor, truthfulness and character of Mr. Thompson". It is not claimed that the letter misstates the facts or that the letter contradicts in any respect the testimony of the defendant. It was not offered for impeachment purposes, but in order to show a trait of character of the defendant. A trait of character cannot be so shown, and in any event the character of the defendant for candor was not in issue.
 [3] The plaintiffs contend that the court committed prejudicial error in several of its instructions to the jury. In this regard it is first contended that the court erred in giving several instructions on soundness of mind, whereas the case was tried solely on the question of undue influence. The fact is, however, that the contest based on unsoundness of mind was before the jury until the evidence on both sides was closed and requests for instructions had been handed in by the respective parties, at which time the plaintiffs dismissed their cause of action based on the ground of unsoundness of mind. We find no prejudicial error in this regard. [4] The plaintiffs also claim error because the court gave the following instruction: "In civil cases, a preponderance of evidence is all that is required to prove any fact or overcome any presumption." They contend in this regard that the instruction contradicts two instructions presented by the plaintiffs and given to the jury by the court in which the jury were told that a presumption of undue influence can be overcome only by the clearest and most satisfactory evidence. There is no conflict here. Judicial expressions concerning the necessity of clear and satisfactory proof must be construed in the light of the fundamental rule *627 that a preponderance of the evidence controls in civil cases. (Treadwell v. Nickel, 194 Cal. 243 [228 P. 25]; Edmonds v. Wilcox, 178 Cal. 222 [172 P. 1101].) The other contentions of the plaintiffs with regard to the instructions are equally without merit.
 Judgment affirmed.
 Fricke, J., pro tem., concurred.
 Stephens, P. J.,
 Concurring.
 I concur in the opinion and in the judgment. But in doing so I cannot refrain from again adverting to the high duty of lawyers to avoid even the suspicion of personal interest in their confidential relation of counsellors to their clients. In the instance of this case, the attorney-beneficiary is outstanding in ability and reputation for his integrity. The fact that over three and one-half years elapsed between the execution of the codicil considered herein and the death of the maker, during which elapsed time the maker was competent and came in contact with the attorney only very occasionally, coupled with the other testimony of the case, completely negatives any suspicion of undue influence or persuasion.