[Civ. No. 10583. First Appellate District, Division Two.—April 7, 1938.]

LINNEA OLSON, Appellant, v. UNION OIL COMPANY OF CALIFORNIA (a Corporation) et al., Respondents.

George K. Ford and Simpson Finnell, Jr., for Appellant.

Bronson, Bronson & McKinnon for Respondents.

STURTEVANT, J.—In an action to recover damages for injuries sustained in an automobile accident the jury returned a verdict in favor of the defendants. From the judgment entered on that verdict the plaintiff appealed.

In her brief she presents one point: The trial court gave an erroneous instruction. The effect of giving that instruction involves a consideration of the following facts:

At about 5 P. M. on February 23, 1935, George Messer was driving his car, a Maxwell sedan, east on the south side of Grove Street in San Francisco. The plaintiff was riding as his guest and was seated on his right in the front seat. Albert Young was also a passenger. He was seated in the rear seat. At the same time G. J. Eisenzopf was driving a

truck, owned by the Union Oil Company on the west side of Polk Street in a southerly direction. The plaintiff contended that at a low speed of 15 miles per hour the Maxwell approached the intersection of the two streets, entered it, and on reaching about the middle of Polk Street the defendants drove the truck at a high speed of 25 to 30 miles per hour down from the north into and across the intersection, struck the Maxwell car, and injured her. The defendants contended that at no time was the truck driven at, and by reason of a governor attached it could not be driven at, a speed in excess of 18 to 20 miles per hour; that it entered the intersection at a speed not to exceed 15 miles per hour; reduced to a speed of not more than 10 miles per hour; proceeded across the middle line of Grove Street; and was about to leave the intersection when the Maxwell car approached from the west at a speed twice as fast as the truck was traveling, swerved to the right in an attempt to cross in front of the truck, but, in so attempting to pass in front of the truck it was hit by the latter. The Maxwell was hit by the right front bumper of the truck on its left rear door. The Maxwell swerved in a circle, its right rear wheel was torn off, and it came to a stop about five feet in front of the truck. The latter stopped almost in its tracks after the collision. At the time of the impact the Maxwell car had crossed the west line of Polk Street and had entered it a very few feet and was about on the south curb line of Grove Street if that line is projected across Polk Street. The plaintiff and Mr. Young testified as eye-witnesses for the plaintiff. Mr. Young testified that the truck traveled 30 miles per hour on approaching the intersection and so proceeded without slowing down. But the plaintiff did not controvert the sworn evidence that the truck was equipped with a governor in good working order and that the truck could not travel faster than 18 or 20 miles per hour. Moreover, Eisenzopf, its driver, and two bystanders, Edwards and O'Dowd, who saw the accident, all testified that the truck was traveling at about 15 miles per hour, and that the Maxwell car was traveling twice as fast.

The plaintiff and Mr. Young both testified that their car was the first to enter the intersection. All other witnesses testified that it was not, that the truck was the first to enter. All of the physical facts—the positions of the cars after they

came to a stop, the skid marks made by the Maxwell car, and the spaces and distances—tend to controvert the plaintiff and to sustain the contentions of the defendants. Those physical facts are not controverted. They are shown in two photographs which were taken almost immediately after the accident and before either the Maxwell car or the truck had been moved.

     ■ The jury was very fully and completely instructed. Instructions 25, 27, 32, 34, and 38 were addressed to the rule set forth in subdivision (a), section 113, California Vehicle Act. (2 Deering's Gen. Laws, p. 2506.) It is not contended that any one of those instructions is an erroneous statement of the law. Instruction No. 16 was as follows: "Now, we have said this is a civil case, and we have seen the nature of it, and in civil cases, the preponderance of evidence is all that is required, and by a 'preponderance of evidence' is meant such evidence as, when weighed with that opposed to it, has more convincing force." But the plaintiff complains of instruction No. 39. She claims it was as follows: "However, the speed of any vehicle upon a highway not in excess of the limits specified in this section is lawful unless clearly proved to be in violation of this rule, to wit: at a speed that is greater than is reasonable and prudent and a speed which would endanger the safety of persons and property." The plaintiff asserts the instruction was a statement of the provisions of section 511 of the Vehicle Code (Stats. 1935, chap. 27), and she calls attention to the fact that said statute did not take effect until September 30, 1935—over seven months after the date of the accident. A comparison of the instruction with section 511 of the Vehicle Code discloses that the former is not a copy of the latter, but both do contain the phrase "clearly proved." She also asserts that said phrase is equivalent to a statement "to prove beyond a reasonable doubt". (*People* v. *Wreden,* 59 Cal. 392, 394.) An examination of that case discloses that the instructions there under consideration did not contain the words "clearly proved". Again, she claims that instruction No. 16 and instruction No. 39 were contradictory. That claim may not be sustained as it has been directly held to the contrary. (*Estate of Janvier,* 7 Cal. App. (2d) 624, 626 [46 Pac. (2d) 792].) There are many decisions in civil actions in which the words "clearly proved" are used.

But when they are so used they are to be understood as meaning the preponderance of the evidence. (*Edmonds* v. *H. W. Wilcox,* 178 Cal. 222, 224 [172 Pac. 1101] ; *Steinberger* v. *Young,* 175 Cal. 81, 84, 85 [165 Pac. 432] ; *Treadwell* v. *Nickel,* 194 Cal. 243, 260 [228 Pac. 25] ; *Hanscom* v. *Drullard,* 79 Cal. 234, 236 [21 Pac. 736] ; *Estate of Janvier, supra; Mayfield* v. *Fidelity & Casualty Co.,* 16 Cal. App. (2d) 611, 630 [61 Pac. (2d) 83].)    All of the last three cases involved a consideration of instructions and applied the rule succinctly stated in *Treadwell* v. *Nickel, supra.*

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 2, 1938.