[Civ. No. 18167. Second Dist., Div. Three. July 31, 1951.]

JUANITA M. BELL et al., Respondents, v. WILLIAM M. GRAHAM et al., Appellants.

George E. Cannady for Appellants.

Pollock & Pollock, David Pollock and Milton Jay Davidson for Respondents.

SHINN, P. J.—Defendants William M. Graham and Simie Statom appeal from a judgment in a nonjury trial awarding plaintiffs $361 actual damages, and $750 punitive damages, in an action for deceit. The ground of the appeal is insufficiency of the evidence to sustain the findings. Although defendants answered jointly, Statom had no part in the transaction. We shall refer to Graham as the defendant.

The following facts were revealed by the evidence: On or about July 20, 1948, plaintiffs purchased from defendant a 1948 Cadillac club coupé for a price of $5,611.44; defendant was a used car dealer; before the sale was arranged plaintiffs had told defendant that they did not want to buy a used car; defendant represented to plaintiffs that the car in question was "brand new"; he opened the trunk and exhibited the spare tire and the tools still wrapped in paper; he called attention to the "brand new tires" and it looked to Mr. Bell like a new car; he noticed that the speedometer registered around 70 miles and inquired about this and defendant told him that this mileage had been registered while he showed the car to one other person, but that the car was absolutely new and had been shipped out from Detroit. Plaintiffs believed these statements. In the ensuing six months plaintiffs drove the car 1,800 miles; it gave trouble and defendant made some repairs; when more trouble developed defendant, on plaintiffs' insistence, took the car to a Cadillac agency where plaintiffs were told by a mechanic that it was not a new car, but had been driven far more than 1,800 miles. The mechanic testified that in his opinion it had been driven at least 5,000 miles. Plaintiffs then learned that the car had been sold originally in Detroit on or about March 30, 1948.

Defendant Graham testified he had bought the car from a man named Britt, a used car dealer in Little Rock, Arkansas, and that after it was shipped to him in July, 1948, he used it for several weeks. When asked if the speedometer registered more than 7,000 miles at the time he received it, he answered, "I presume so. I don't know. I can't recall at the present time what mileage was on the car." Graham testified that he told plaintiffs the car was "just like new" but that he did not represent it to be a new car. He also testified that the

prices of secondhand Cadillacs were considerably higher than the dealers' prices for new cars.

 The court found that defendants represented to plaintiffs that they were selling them "a brand new automobile" and that in so doing they were guilty of wilful and fraudulent deceit; also that the difference between the price paid by plaintiffs and the market value of the car on the date of the sale was $361. Damages in that amount were awarded and in addition, $750 as punitive damages. The record contains ample evidence to support the findings of deceit, reliance upon the representations of defendants, and actual damage.

Defendants summarize their argument as follows: "A mere suspicion of fraud is never sufficient. Consequently when a plaintiff's case goes no further than to establish a state of facts from which the inference of fraud may or may not reasonably be drawn, he has failed to establish his charge." The argument evidences a misconception of the law. The statement in the brief, which is only a partial quotation from *Ryder* v. *Bamberger,* 172 Cal. 791, 799 [158 P. 753], means only that if the evidence and inferences are evenly balanced the court will not find fraud against the presumption of fair dealing. But it has been held, times without number, that no more than a preponderance of evidence is required to establish fraud. (*Edmonds* v. *Wilcox,* 178 Cal. 222 [172 P. 1101].) The rule on appeal is the same as in other cases; a finding of fraud will not be disturbed if it has substantial support in the evidence. (*Noll* v. *Baida,* 202 Cal. 98 [259 P. 433]; *Divani* v. *Donovan,* 214 Cal. 447 [6 P.2d 247].)

 In his testimony Graham did not deny that he had concealed the fact that the car had been in use for four months before he bought it. It was a logical inference that his concealment and his actual misrepresentations, as testified to by plaintiffs, were activated by a purpose to deceive plaintiffs. Intent to deceive is usually proved by inference, rather than by direct evidence. The finding that deceit was intended is sufficiently supported.

In their briefs defendants do not question the award of punitive damages apart from their contention that the finding of fraud was unjustified.

 We are of the opinion that the award of actual damage was exceedingly moderate; it means that plaintiff will have paid for a car that had been driven around 7,000 miles only $361 less than a new car would have cost him on the secondhand market, to say nothing of the excess of this price above

a dealer's price for a new car. The award of $750 as punitive damages was not excessive. The appeal was manifestly taken for the purpose of delay. It is so clearly without merit as to deserve a penalty of $100.

The judgment is affirmed with the addition of $100 damages.

Wood (Parker), J., and Vallée, J., concurred.