NEW & USED AUTO SALES, INC., a corporation, Hallie F. Bollen and Florence N. Bollen, Appellants.

v.

Lloyd AHVAKANA, Appellee.

No. 15974.

United States Court of Appeals
Ninth Circuit.

July 29, 1959.

Bell, Sanders & Tallman, James K. Tallman, Anchorage, Alaska, for appellants.

Hellenthal, Hellenthal & Cottis, Anchorage, Alaska, for appellee.

Before STEPHENS, HAMLIN and JERTBERG, Circuit Judges.

PER CURIAM.

Lloyd Ahvakana, an Eskimo, hereinafter called appellee, brought an action in the United States District Court for the District of Alaska, against New & Used Auto Sales, Inc., a corporation, Hallie F. Bollen, and Florence N. Bollen, hereinafter called appellants, for compensatory and punitive damages occasioned by the sale by appellants of an automobile to appellee. In his complaint appellee alleged, among other things, that appellants falsely represented to appellee that the automobile was new, whereas in fact it was a used car and had been driven some 4,339 miles from Illinois to Anchorage, Alaska, as appellants well knew.

After trial before the Court, the District Judge found (1) the allegations of the complaint to be true, (2) that appellee had no knowledge of the falsity of the representations, (3) that appellants did have knowledge of the falsity of the representations when made to appellee, and (4) that the false representations were made by appellants with the intention that appellee should act thereon. On these findings the Court awarded appellee $818.90 actual and $400 exemplary damages, plus costs and attorney's fees in accordance with Rule 25 of the Uniform Rules of the District Court for the District of Alaska.

Appellants complain of the insufficiency of the evidence as to fraud and as to damages, object to the award of exemplary damages, and claim that the Court erred in the admission of testimony of an alleged agent.

There was ample evidence to support the judgment as to the fraud and as to the actual damages suffered by appellee. The appellee testified that he had particularly asked the defendants' representatives if the car had been driven to Alaska and was informed that it had not. At the trial the defendants stipulated that the car had been driven from Chicago to Anchorage and that the speedometer had then been turned back to zero. Appellee then testified that when he inquired about the figure of twenty-one miles showing on the speedometer he had been informed by the salesman that the reason for this was that the car had been driven around the block by customers. When appellee asked for the reason for a nick in the windshield, he was informed that a mechanic had dropped a wrench on it. There was further testimony that actually the pitted windshield had been caused by its being hit by a rock as it was being driven to Anchorage.

The actual damage suffered by the appellee was shown by testimony establishing the difference between the value of the car as a used car and the price paid by appellee.

The evidence showed and the Court found that appellants intentionally deceived appellee. In such a situation exemplary damages may be allowed. Baker v. Moody, 5 Cir., 1955, 219 F.2d 368; District Motor Co. Inc. v. Rodill, Mun.Ct.App.D.C.1952, 88 A.2d 489; Bell v. Graham, 1951, 105 Cal.App.2d 765, 234 P.2d 158.

As to the claimed error in the admission of testimony, it appeared that the man who had actually driven the car to Alaska came to the appellants' place of business approximately two days thereafter in order to get some of his property which he had inadvertently left in the car upon driving it up. He talked to one of the defendants, asked where the automobile was that he had driven up, and was told by this defendant that the car

was over in a garage. The witness then went to where defendant had told him to go, found the car there, and found a man working on the car. The man had a can of black paint and was repainting a part of the car underneath the hood. The man, upon being questioned, said that he was working there and that he was repainting the engine. The witness asked him what they did that for, and he said, "We drive them over the highway, paint them up and sell them for new." Inasmuch as the stipulation of the defendants showed that the car in question was actually driven "over the highway" and as the testimony showed that he was actually painting underneath the hood at the time, we see no prejudicial error in the statement of the employee as to the general practice.

The judgment of the lower court is affirmed.