## In re Robert COVINO

[660 A.2d 299]

No. 94-286

April 11, 1995. Petitioner, an inmate at the Northwest State Correctional Facility (NWSCF), brought an action contesting the validity of a disciplinary report filed against him, and appeals an order of the Franklin Superior Court granting the State's motion for summary judgment. We affirm.

In August 1989, petitioner approached an administrative assistant at the NWSCF concerning his pay account, which he believed was in error. The State charged in a disciplinary report that in the course of the ensuing discussion he became verbally combative and directed abusive language at the assistant, causing other inmates in the unit to become unruly as well, in violation of an NWSCF rule against agitating or provoking staff.

After a disciplinary hearing at which petitioner was present, a hearing officer found that reports from the assistant in question and an additional staff member "clearly show that Covino argued about [the pay account] issue, used foul language and called [the assistant] derogatory names." He added that "I believe that Covino did agitate [and] provoke [the assistant] . . . and is guilty." The hearing officer's decision was affirmed by a two-person disciplinary committee and reviewed and affirmed by the facility superintendent and the Commissioner of Corrections.

Petitioner contends on appeal that the court should not have affirmed an administrative finding on the basis that it was supported by "some evidence." In *LaFaso v. Patrissi*, 161 Vt. 46, 51, 633 A.2d 695, 698 (1993), we held that "due process requires prison authorities to prove inmate disciplinary infractions by a preponderance of the evidence."

In the present case the fact-finder — the hearing officer — effectively applied the preponderance-of-evidence standard, though the word "preponderance" was not used. His finding that the complaint reports "clearly show" that petitioner violated the facility rules meets the preponderance standard. *Olson v. Union Oil Co.*, 78 P.2d 446, 447 (Cal. 1938) (words "clearly proved" are understood to mean proved by a preponderance of the evidence). At trial and again in his brief here, petitioner seeks to revisit the facts generally. The scope of review of the superior court was narrow, and while petitioner recognizes the distinction between the preponderance-of-the-evidence rule and the standard of "some evidence," as explained in *LaFaso*, he assumes, without supportive argument, that the hearing officer used the wrong standard, when that does not appear to be the case.

Finally, petitioner complains about the slow pace of this litigation, which lay dormant for about three years following the superior court's denial of a dismissal motion by the State. However, the

present proceeding is not governed by the speedy trial provisions of the Sixth Amendment, and in any event petitioner has not demonstrated how he has been harmed by the delay or that he took any steps to call the matter to the court's attention during the long hiatus.

*Affirmed.*

Motion for reargument denied May 9, 1995.