[S. F. No. 13352. In Bank.—October 27, 1930.]

ZAROOHI ASADOORIAN, Respondent, v. S. KLUDJIAN, Appellant.

Stanley Moffatt, G. Levin Aynesworth and L. N. Barber for Appellant.

M. F. McCormick for Respondent.

LANGDON, J.—This is an action to quiet title to certain property. In another action commenced prior to this one, Kludjian, the defendant herein, sued Mr. and Mrs. Kandarian, respectively the stepfather and the mother of Mrs. Asadoorian, plaintiff herein, for money due under a promissory note. This suit was filed on February 6, 1928. It appeared that on February 3, 1928, Mrs. Kandarian had transferred the property in question to her daughter, Mrs. Asadoorian. Kludjian levied an attachment on this property, standing in the name of Mrs. Asadoorian, on the

theory that the transfer to her was a conveyance in fraud of creditors. Mrs. Asadoorian then brought the present action to quiet title. Defendant Kludjian set up in his answer the facts concerning the other suit and attachment, and alleged that the deed from Mrs. Kandarian to Mrs. Asadoorian was made without consideration and with the intent to hinder, delay and defraud the creditors of Mr. and Mrs. Kandarian. The trial court found against the defendant on this issue, and gave a decree quieting plaintiff's title.

Defendant's appeal is based upon the ground of insufficiency of the evidence to sustain the findings of the court. In this connection it is urged that from the evidence there appear various "badges" or *"indicia"* of fraud, which were sufficient to make out a *prima facie* case for the defendant, and to shift to the plaintiff the burden of proof as to the validity of the transaction. It is unnecessary to review these instances of suspicious conduct set forth by defendant, for it may be conceded that there are circumstances surrounding the transfer which might, if unexplained, compel the conclusion that the conveyance was fraudulent. Explanation was offered, and the result was a conflict in the evidence. ■ It has been frequently held by this court that whether a transfer is in fraud of creditors is a question of fact and not of law, and where the transfer is for consideration, as the court found in the instant case, it is necessary for the party attacking the validity of the transfer to establish an actual fraudulent intent. The burden of proof is on him, and though the burden of going forward with the evidence may shift when a *prima facie* case is made out, fraud must ultimately be proved by a preponderance of the evidence. (Civ. Code, sec. 3439; *Rossen* v. *Villanueva,* 175 Cal. 632 [166 Pac. 1004]; *Roberts* v. *Burr,* 135 Cal. 156 [67 Pac. 46]; *Scholle* v. *Finnell,* 167 Cal. 90 [138 Pac. 746]; 12 Cal. Jur. 1045, sec. 87; 1057, sec. 96; 1059, sec. 97.) ■ The trial court resolved the conflict in the evidence in favor of the plaintiff, and an examination of the record discloses no ground upon which we would be justified in disturbing its conclusion.

The judgment is therefore affirmed.

Curtis, J., Seawell, J., Richards, J., Shenk, J., Waste, C. J., and Preston, J., concurred.