[Civ. No. 18161. Second Dist., Div. Two. Jan. 30, 1951.]

OLIVER P. ARNOLD et al., Respondents, v. MICHAEL W. HADGIS, Appellant.

Butts and Grosenbaugh for Appellant.

Bernard Lawler for Respondents.

WILSON, J.—Alleging ownership of a parcel of real property, plaintiffs brought this action against defendants Hadgis and James Arnold to remove the cloud of an alleged invalid attachment · levied on the property in an action in which Hadgis was plaintiff and James Arnold was defendant. Judgment was entered quieting plaintiffs' title, declaring the claims of defendant to be without right, and decreeing the purported levy of attachment to be null and void. Defendant Hadgis has appealed from the judgment.

On July 15, 1947, plaintiff Oliver Arnold loaned his brother James $15,000 and took the latter's note for that amount. Title to the property in question was taken in the names of Broz and wife on August 22, 1947, subject to a trust deed in favor of one Barnes for $18,000. Broz and wife never claimed to be owners of the property or to have any interest therein other than as trustees for James Arnold.

Hadgis and James Arnold had been in a business venture together wherein James became indebted to Hadgis on July 2, 1947, in the sum of $24,500. At some time prior to May 9, 1949, Hadgis brought an action on his claim and caused an attachment to be levied on the property.

Hadgis and his brother purchased the Barnes trust deed. By reason of its delinquency they ordered a trustee's sale, which was set for June 22, 1949. The amount necessary to satisfy the trust deed was $20,118.59. On the date of sale at James Arnold's request Hadgis consented to postpone the sale for one day in order to enable Arnold to obtain funds.

On June 21, the day prior to the original date set for the trustee's sale, James offered to turn the property over to Oliver in settlement of his $15,000 debt. Oliver obtained a loan from another brother of $14,000 to be applied on the payment of the trust deed. Previously Oliver had offered plaintiff Steel a 25 per cent interest in the property if the latter would advance $5,000, which offer Steel accepted.

On the morning of June 23, the date to which the sale had been postponed, Oliver, James and Broz met at the trustee bank. While they were in conference with the agent of the bank Hadgis entered and was told that Oliver and Steel were paying off the trust deed. He informed them he had an attachment on the property and threatened litigation if

the deal was consummated. Broz assured all of them the attachment was invalid and stated the reasons therefor. Steel and Oliver, having decided to pay off the trust deed, endorsed their respective checks to Broz who delivered them to the agent of the bank. Hadgis and his brother were then paid the amount required to satisfy the trust deed. At the direction of James Arnold, Broz and wife delivered a conveyance of the property to Oliver Arnold and Steel. They entered into a written agreement on the same day for the division of the rentals, 75 per cent to Oliver and 25 per cent to Steel. Thereafter Steel collected the rentals and kept the books. The upstairs portion of the house was leased and Mrs. James Arnold resided in the downstairs portion until Oliver Arnold asked her to vacate the premises, which she did.

Defendant asserts the conveyance made to plaintiffs by Broz and wife as title holders and trustees for James Arnold is void for the reason that it was made for the purpose of hindering, delaying and defrauding defendant as a creditor of James.

It is not contended that the conveyance was made without consideration or that the consideration was inadequate. The property had been purchased for $39,000 and the only evidence as to its value at the time of the transfer was that it was worth $35,000—just the total of James' debt to Oliver and the amount paid on the trust deed.

Defendant concedes it is well settled that a debtor may prefer any one of his creditors over others provided he does not do so to defraud his creditors. This is statute law. (Civ. Code, §§ 3431, 3432*; *United States Fid. & Guar. Co.* v. *Postel,* 64 Cal.App.2d 567, 571-2 [149 P.2d 183].)

Having made the concessions of (1) consideration for the conveyance to plaintiffs, and (2) a debtor's right to create a preference, defendant enumerates what he designated as "indicia" or "badges" of fraud in connection with the transfer of title which he maintains require a reversal of the judgment.

---

*Section 3431 reads: "In the absence of fraud every contract of a debtor is valid against all his creditors, existing or subsequent, who have not acquired a lien on the property affected by such contract."

Section 3432 reads: "A debtor may pay one creditor in preference to another, or may give to one creditor security for the payment of his demand in preference to another."

■ 1. Defendant contends that the execution of the deed from Broz to plaintiffs, made at the direction of James while defendant's action against the latter was pending, is evidence of fraudulent intent. The pendency of defendant's action to enforce payment of James' indebtedness is not a circumstance to be considered as indicating fraudulent intent of any of the parties. James was in a position in which he was obliged to allow one creditor or the other to obtain a preference. He could have preferred his brother by conveying the property to him in payment of his loan, which he did, or he could have permitted defendant Hadgis to obtain title by a sale under his trust deed and by allowing him to take judgment and to enforce his attachment lien in the action pending. The fact that Oliver succeeded in obtaining payment of his loan and defendant was left without security is not an act of fraud on the part of plaintiffs or of James.

■ 2. The alleged secrecy and haste of the transaction is instanced as a badge of fraud. Hadgis had consented to postpone for only one day the sale under the trust deed. Oliver had telephoned his brother in San Francisco who transmitted by wire part of the funds to pay off the trust deed and had procured part from Steel. The meeting at the bank was only a few hours before the sale would have taken place. There was no secrecy about the transaction and the haste was necessary by reason of defendant's refusal of a further delay.

■ 3. We find no support for the contention of defendant that there was a departure from usual business methods in the transaction whereby plaintiffs acquired title. Steel had resided for 48 years near the property involved and had knowledge of its value. His failure to demand a title insurance policy before advancing his part of the money is explained by his desire to assist his friend and former business associate in the transaction.

■ 4. Defendant says the inclusion of all the debtor's property indicates fraud, but there is no evidence that James did not own other property than that covered by the deed to plaintiffs.

■ 5. The fact that plaintiffs allowed James' wife to reside in the property for some time after they acquired title was due, as shown by the evidence, to Oliver's natural reluctance to force his sister-in-law out of her apartment and is no indication of retention of possession by James. The

contrary is shown by the fact that Steel collected the rents on behalf of himself and Oliver from the other tenant in the property.

█ 6. Finally defendant contends that the fact that Oliver and James are brothers is an indication of conspiracy between them to hinder, delay and defraud defendant as a creditor. Since James' indebtedness to Oliver in the sum of $15,000 is uncontroverted, their blood relationship does not detract from James' legal right to pay one creditor and not another.

██ Whether a transfer is in fraud of creditors is a question of fact and not of law, and where there is a consideration for the transfer the burden is on the party attacking it to establish an actual fraudulent intent. █ Though the burden may shift when a prima facie case is made out, fraud must ultimately be proved by a preponderance of the evidence. (*Asadoorian* v. *Kludjian,* 210 Cal. 564, 565 [292 P. 644].) Defendant did not make out a prima facie case of fraud and did not sustain the burden resting upon him.

█ Defendant's assertion of fraud is based on inferences which he alone has drawn from the evidence. The trial court drew contrary inferences and made its findings thereon. █ The evidence and the inferences to be drawn therefrom must be regarded in the light most favorable to the support of the judgment (*Buckhantz* v. *R. G. Hamilton & Co.,* 71 Cal.App.2d 777, 779 [163 P.2d 756] ; *Wheeler* v. *Barker,* 92 Cal.App.2d 776, 780 [208 P.2d 68] ; *Chichester* v. *Mason,* 43 Cal.App.2d 577, 585 [111 P.2d 362] ) and the conclusions of the trial court are binding on us. (*Cook* v. *Huntley,* 44 Cal.App.2d 635, 639 [112 P.2d 889].)

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.