[S.F. No. 23533. Apr. 11, 1977.]

MANUEL M. LIODAS, as Trustee, etc., Plaintiff and Appellant, v. FRED N. SAHADI, Defendant and Appellant.

**COUNSEL**

Ellen Lake, Richard M. Heimann, Kenneth James Fishbach, Jr., Edward R. Fitzsimmons and Nicholas C. Petris for Plaintiff and Appellant.

Robert A. Seligson, Morrison & Foerster, James J. Brosnahan and Pearlman & Bose for Defendant and Appellant.

## OPINION

THE COURT.*—We granted a hearing in this case principally to determine the proper standard of proof of civil fraud, and we address that question in Part III of this opinion. After reviewing the record we conclude that the remaining issues, insofar as necessary to a disposition of the appeal, were correctly resolved by the Court of Appeal. Accordingly, the opinion of the Court of Appeal, prepared by Presiding Justice Caldecott, is adopted with certain deletions and additions as and for the opinion of this court. The opinion is as follows:††

[] [Plaintiff Liodas (hereinafter Liodas or appellant), as trustee of the bankrupt estate of Oscar Horany, brought an action against defendant Sahadi (hereinafter Sahadi or respondent) for damages for fraud and for breach of fiduciary obligation. The complaint alleged that Sahadi, Horany's former attorney, deprived his client of certain assets which Sahadi held in trust by fraudulently persuading Horany to enter a "buy-out" agreement transferring the assets to him for inadequate consideration. The jury returned a substantial verdict for Liodas, awarding both compensatory and punitive damages, and judgment was entered accordingly. Sahadi moved for a new trial on all the statutory grounds. (Code Civ. Proc., § 657.) The court granted the motion and vacated the judgment, but limited the new trial to the issue of damages.

---

*Before Tobriner, Acting C. J., Mosk, J., Clark, J., Richardson, J., Sullivan, J.,† Wright, J.,‡ and Taylor, J.**

††Brackets together, in this manner [] without enclosing material, are used to indicate deletions from the opinion of the Court of Appeal; brackets enclosing material (other than editor's added parallel citations) are, unless otherwise indicated, used to denote insertions or additions by this court. (See *Chicago Title Ins. Co.* v. *Great Western Financial Corp.* (1968) 69 Cal.2d 305, 311, fn. 2 [70 Cal.Rptr. 849, 444 P.2d 481], and cases cited.)

†Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

‡Retired Chief Justice of California sitting under assignment by the Acting Chairman of the Judicial Council.

**Assigned by the Chairman of the Judicial Council.

Liodas appealed from that order, and Sahadi cross-appealed from the order insofar as it restricts the new trial to the issue of damages.[1]]

## I

In granting the motion for a new trial, the grounds relied upon by the trial court were prejudicial errors of law (Code Civ. Proc., § 657, subd. 7), consisting of erroneous instructions as to both exemplary and compensatory damages and erroneous admission of certain evidence as to value of property, and excessiveness of both compensatory and exemplary damage awards. (Code Civ. Proc., § 657, subd. 5.)

Liodas takes issue with every ground and reason stated in the new trial order, arguing that the specifications are inadequate to support the excessive damage ground, and that the errors of law were either not prejudicial or were not errors at all. However, we do not reach the precise contentions of appellant in this regard; a new trial on damages and liability was required by another error of law, not stated in the order by the court, but specified in the respondent's motion for new trial.

As stated in Code of Civil Procedure section 657: "On appeal from an order granting a new trial the order shall be affirmed if it should have been granted upon *any ground stated in the motion, whether or not specified in the order or specification of reasons,*" (italics added) except where the stated grounds are insufficiency of the evidence or excessive or inadequate damages. ■ Thus, where errors of law are stated as a ground for the order, the order must be affirmed if any good ground is stated in the motion and supported by the record. (*Treber* v. *Superior Court* (1968) 68 Cal.2d 128, 137 [65 Cal.Rptr. 330, 436 P.2d 330].)

■ The jury was given instructions on two theories of liability: (1) ordinary fraud, and (2) fraud or breach of trust by a fiduciary. Of course, certain of the instructions relating to proof of fraud were also applicable to fraud by a fiduciary.

However, the jury was given only one measure of damages: plaintiff's instruction No. 45, an instruction (based on Civ. Code, §§ 3333, 2224 and 2237) expressly limited to the "measure of damages where a person has been defrauded or otherwise wrongfully deprived of property by his fiduciary." Respondent's requested instruction on the measure of

---

[1]Sahadi also filed a precautionary appeal from the judgment. Inasmuch as we order a new trial on all issues, the appeal from the judgment will be dismissed.

damages for ordinary, or nonfiduciary, fraud, based upon the language of Civil Code section 3343, was refused by the court. The failure of the court to give this instruction, or any instruction, on ordinary fraud damages, was prejudicially erroneous, because the jury had no alternative but to apply the broader fiduciary standard ("all the detriment proximately caused thereby") even if it found that the fiduciary relationship had terminated.

Liodas argues that, Sahadi was a fiduciary as a matter of law throughout the life of the business, as an attorney and trustee (the theories presented to the jury) or as a partner (a theory raised for the first time on appeal). However, it is clear that the existence of a fiduciary relationship, and the termination thereof, was a factual question upon which conflicting evidence was presented to the jury. Not only did the court refuse appellant's requested instruction that respondent was acting as a fiduciary as a matter of law but other instructions given to the jury likewise plainly indicated that they were to determine the matter. There was testimony, albeit conflicting, to support respondent's claims that, if he had once occupied a fiduciary role, he was purged from such position and any relationship of trust and confidence relative to Horany had been completely dissipated at least by the time of the buy-out agreement. Appellant acknowledges that this was a question of fact. There was also some evidence that appellant was represented by an independent attorney at various times, including at the time of the buy-out. This evidence was not insufficient as a matter of law to support a jury determination that no fiduciary relationship existed at the time of the buy-out, and it is not possible to determine upon which basis (i.e., fiduciary or nonfiduciary) the jury rested its fraud verdict.

The trial court therefore properly granted a new trial on the issue of compensatory damages. Exemplary damages must be redetermined as well, as "it would be improper and premature to assess such damages until or concurrently with the assessment of 'the actual damages' " (*Foster* v. *Keating* (1953) 120 Cal.App.2d 435, 455 [261 P.2d 529]) and "exemplary damages must bear a reasonable relation to actual damages" (*Kuffel* v. *Seaside Oil Co.* (1970) 11 Cal.App.3d 354, 367 [90 Cal.Rptr. 209]) even though no fixed ratio exists to determine the proper proportion (*Oakes* v. *McCarthy Co.* (1968) 267 Cal.App.2d 231, 263 [73 Cal.Rptr. 127].) ■ Moreover, plaintiff's instruction No. 47, on punitive damages, given to the jury, stated that malice could be inferred from a "showing *that defendant's conduct was wilful, intentional or done in* reckless disregard of its possible results." As the court stated in its order granting the partial new trial, this alternative language was erroneous.

(*Ebaugh* v. *Rabkin* (1972) 22 Cal.App.3d 891, 895-896 [99 Cal.Rptr. 706]; cf. *G. D. Searle & Co.* v. *Superior Court* (1975) 49 Cal.App.3d 22, 29-32 [122 Cal.Rptr. 218].) ■ Although appellant argues that this was harmless error, "once such an error is shown, the reviewing court may not substitute its judgment for that of the trial court on the essentially factual question of prejudice . . . . The sole issue is whether the order granting a new trial, viewed in the light of the whole record, constituted a manifest abuse of discretion." (*Treber* v. *Superior Court, supra,* 68 Cal.2d 128 at p. 132; *Yarrow* v. *State of California* (1960) 53 Cal.2d 427, 434 [2 Cal.Rptr. 137, 348 P.2d 687].) We do not find such an abuse of discretion. The trial court's order granting a new trial as to both compensatory and exemplary damages was correct.

## II

Sahadi has appealed from the order granting a new trial insofar as the order limited the new trial to the issue of damages. ■ Although Liodas challenges the propriety of such an appeal, it is well established that a party seeking a new trial on all issues is an "aggrieved party" when only a partial new trial is granted, and may appeal therefrom. (*Spencer* v. *Nelson* (1947) 30 Cal.2d 162, 164-165 [180 P.2d 886]; *Ferraro* v. *Pacific Fin. Corp.* (1970) 8 Cal.App.3d 339, 355 [87 Cal.Rptr. 226]; *Garcia* v. *San Gabriel Ready Mixt* (1959) 173 Cal.App.2d 355, 357 [343 P.2d 327].)

■ The power of a trial court to grant a new trial as to some issues, while refusing it as to others, is also well established. (Code Civ. Proc., § 657 ["a new or further trial [may be] granted on all or part of the issues"]; *Little* v. *Superior Court* (1961) 55 Cal.2d 642, 645 [12 Cal.Rptr. 481, 361 P.2d 13]; *Leipert* v. *Honold* (1952) 39 Cal.2d 462, 467 [247 P.2d 324, 29 A.L.R.2d 1185].) "The decision on limiting a new trial to the issue of damages rests in the first instance in the sound discretion of the trial judge. A new trial limited to the damage issue may be ordered where it can be reasonably said that the liability issue has been determined by the jury. An abuse of discretion must be shown before a reviewing court will reverse the trial judge's decision." (*Myers* v. *King* (1969) 272 Cal.App.2d 571, 581 [77 Cal.Rptr. 625] (citations omitted); *Bradford* v. *Edmands* (1963) 215 Cal.App.2d 159, 167 [30 Cal.Rptr. 185].)

■ [] [However, even when it appears that the issue of liability was correctly determined, a new trial limited to damages "should be granted . . . only if it is clear that no injustice will result. [Citations.] . . . [I]t has been held that a request for such a trial should be considered with the utmost caution [citations] and that any doubts should be resolved in

favor of granting a complete new trial." (*Leipert* v. *Honold, supra,* 39 Cal.2d at pp. 466-467.) In short, "When a limited retrial might be prejudicial to either party, the failure to grant a new trial on all of the issues is an abuse of discretion." (*Baxter* v. *Phillips* (1970) 4 Cal.App.3d 610, 617 [84 Cal.Rptr. 609], and cases cited.)]

■ We are hesitant to find such an abuse of discretion, for both the jury and the trial court clearly determined the issue of liability in appellant's favor. However, in view of the erroneous damages instructions it is not possible to determine on what basis liability was predicated. The trier of fact in any new trial would be required, prior to awarding damages, to decide whether respondent was acting in a fiduciary or nonfiduciary capacity. Moreover, the complaint was based not only on the buy-out agreement, but also on numerous transactions prior to the buy-out which were alleged to be fraudulent. Evidence as to Horany's losses from these other incidents was presented. However, respondent explained some of these events, and evidence on others was in conflict; a second trier of fact would have no basis for determining which of the transactions the first jury actually found fraudulent, and which, if any, it found fair. These issues go to the heart of the liability question. As they must be redetermined prefatory to any damages verdict, the matter of liability is substantially inseparable from that of damages in the present posture of the case. A partial new trial would be prejudicial to respondent. A new trial on all issues is thus required.

We therefore discuss the remainder of the parties' contentions only to the extent necessary to guide the trial court upon retrial (Code Civ. Proc., § 53; *Yarrow* v. *State of California, supra,* 53 Cal.2d 427 at pp. 439-440).

### III

·[] [Defendant Sahadi requested the following instruction on the standard of proof of fraud: "The evidence must *be clear and convincing so as to* satisfy you, the jury, by a preponderance of the evidence that the alleged fraudulent representations were false and were made with intent to deceive and induce Horany to enter into the Buy Out Agreement and did so deceive and induce him to enter therein to his damage." The court deleted the emphasized language and gave the instruction as thus modified. ■ Sahadi contends the deletion was error, and that he is entitled to an instruction requiring that plaintiff prove the alleged fraud by clear and convincing evidence. We disagree.

The decisions of the Courts of Appeal are divided on the question of the correct standard of proof in civil actions in which fraud is an issue: some permit that issue to be proved by the general civil standard of preponderance of the evidence,[2] while others require the higher standard of clear and convincing evidence.[3] When we trace the latter line of precedents to its source, we find it developed out of a group of early decisions of this court in the field of equity: emphasizing a "presumption" against fraud and in favor of honesty and fair dealing, those decisions stated that various equitable remedies will be decreed on the ground of fraud only upon proof of such fact by "clear and convincing evidence," or a variant of that standard.[4] It will be observed that in each of the cited cases the issue was whether a duly executed instrument in writing should be reformed or rescinded. In light of the traditional reluctance of the courts to tamper with such documents, it is not surprising that a higher standard of proof than a mere preponderance of the evidence was thought to be appropriate.

In a parallel series of decisions, however, generally involving actions at law for damages caused by fraud, this court squarely held that the correct standard of proof is a preponderance of the evidence. In one of the

[2]See, e.g., *Sierra Nat. Bank* v. *Brown* (1971) 18 Cal.App.3d 98, 104-106 [95 Cal.Rptr. 742]; *Wright* v. *Rogers* (1959) 172 Cal.App.2d 349, 361-362 [342 P.2d 447]; *Chung* v. *Johnston* (1954) 128 Cal.App.2d 157, 164 [274 P.2d 922]; *Bell* v. *Graham* (1951) 105 Cal.App.2d 765, 767 [234 P.2d 158]; *Rahim* v. *Akbar* (1949) 92 Cal.App.2d 383, 391 [207 P.2d 80]; *Cox* v. *Klatte* (1938) 29 Cal.App.2d 150, 161 [84 P.2d 290]; *Eade* v. *Reich* (1932) 120 Cal.App. 32, 37 [7 P.2d 1043].

[3]See, e.g., *Neumeyer* v. *Crown Funding Corp.* (1976) 56 Cal.App.3d 178, 184 [128 Cal.Rptr. 366]; *Hansford* v. *Lassar* (1975) 53 Cal.App.3d 364, 377 [125 Cal.Rptr. 804]; *Santoro* v. *Carbone* (1972) 22 Cal.App.3d 721, 728 [99 Cal.Rptr. 488]; *K. King and G. Shuler Corp.* v. *King* (1968) 259 Cal.App.2d 383, 396 [66 Cal.Rptr. 330]; *Beck* v. *Weather-Vane Corp.* (1960) 185 Cal.App.2d 688, 693 [8 Cal.Rptr. 680]; *Maslow* v. *Maslow* (1953) 117 Cal.App.2d 237, 242-243 [255 P.2d 65]; *Wolfe* v. *Severns* (1930) 109 Cal.App. 476, 480 [293 P. 156].

[4]See, e.g., *Jarnatt* v. *Cooper* (1881) 59 Cal. 703, 706 (suit to reform a mortgage; "clear and convincing evidence"); *People* v. *Swift* (1892) 96 Cal. 165, 170 [31 P. 16] (suit to nullify a land patent; "clear, unequivocal, and convincing"); *Wickersham* v. *Comerford* (1894) 104 Cal. 494, 495 [38 P. 101] (suit to annul decree setting apart a homestead; "clear and indubitable"); *Mulcahey* v. *Dow* (1900) 131 Cal. 73, 75 [63 P. 158] (suit to set aside decree of distribution; "clear and indubitable"); *Oppenheimer* v. *Clunie* (1904) 142 Cal. 313, 318 [75 P. 899] (suit to void a lease; "clear and decisive"); *De Galindo* v. *De Galindo* (1905) 147 Cal. 77, 81 [81 P. 279] (suit to declare that a conveyance is a mortgage or a trust; "clear and convincing"); *Williams* v. *Lockwood* (1917) 175 Cal. 598, 605 [166 P. 587] (suit to set aside sale of real property; "clear and satisfactory").

Also cited by early Court of Appeal decisions is a group of cases declaring generally that a "mere suspicion" of fraud is insufficient to overcome the presumption of fair dealing. (See, e.g., *Levy* v. *Scott* (1896) 115 Cal. 39, 42 [46 P. 892]; *Hall* v. *Susskind* (1898) 120 Cal. 559, 563 [53 P. 46]; *Casey* v. *Leggett* (1899) 125 Cal. 664, 669 [58 P. 264]; *Wendling etc. Co.* v. *Glenwood etc. Co.* (1908) 153 Cal. 411, 417 [95 P. 1029].)

earliest of such cases this court stated that "Issues of fact in civil cases are determined by a preponderance of testimony; and this rule applies as well to cases in which fraud is imputed as to any other." (*Ford* v. *Chambers* (1861) 19 Cal. 143, 144.)

Soon thereafter the court reaffirmed the ruling and clarified its relationship with the "presumption" against fraud. In *Bullard* v. *His Creditors* (1880) 56 Cal. 600, the plaintiff apparently brought an action to be discharged from his debts and the defense of fraud was raised. The court reversed a judgment for the plaintiff on the ground of prejudicial error in the instruction on the standard of proof of fraud. The instruction told the jury in part that "As an allegation of fraud is against the presumption of honesty, it requires stronger proofs than if no such presumption existed," and hence that "The proof must be clear and satisfactory. It must be so strong and cogent as to satisfy a man of sound judgment of the truth of the allegations." (*Id.,* at p. 601.) The court held this instruction to be erroneous, reasoning (at p. 603) that "We are forced to the conviction, that the instruction conveyed to the minds of the jurymen the idea that they were not authorized to find *fraud,* upon a *preponderance* of the evidence. Yet this is the rule in *all* civil cases. (Code Civ. Proc. § 2061, subd. 5.)" (Italics in original.) The statute cited was the then-recent codification of the common law standard of proof, declaring that "in civil cases . . . when the evidence is contradictory the decision must be made according to the preponderance of evidence . . . ."[5]

The court next explained that the rule of preponderance of the evidence prevails over the general "presumption" against fraud: "A party holding the affirmative of an issue must prove his case, and, in doing so, must overcome the presumption of the non-existence of the fact he has alleged. It may require more evidence to overthrow a presumption that one has not committed an affirmative or positive and active fraud than that he has not denied an honest debt. It is obvious, however, that such a difference should be called to the attention of the jury, if at all, in language of careful discrimination, lest they should be led to the belief that a mere preponderance of the evidence will not justify a verdict of guilty of fraud in a civil case." (*Id.,* at p. 605.)

[5]The court also quoted with approval the above-stated language of *Ford* v. *Chambers,* together with similar passages from a contemporary treatise on the topic: e.g., " 'It is not necessary, however, that the fraud shall be proved beyond a reasonable doubt. . . . If the evidence is of sufficient force to produce a preponderance of assent in favor of fraud, it is sufficient.' " *(Ibid.)*

After *Bullard* there ensued the above-cited decisions stating in the context of suits in equity that fraud must be proved by clear and convincing evidence or a similar standard. (Fn. 4, *ante.*) The apparent conflict between these two lines of authority was settled in *Edmonds* v. *H. W. Wilcox* (1918) 178 Cal. 222 [172 P. 1101], an action to recover on promissory notes which the defendant alleged were procured by fraud. This court reasoned as follows (at pp. 224-225): "The court instructed the jury that the case must be decided according to the preponderance of the evidence. This is correct. [Citation.] This is the statutory rule in civil cases, and all judicial expressions concerning the necessity of clear and satisfactory proof of fraud must be construed in the light of the fundamental rule that a preponderance of the evidence controls in a civil case. (Code Civ. Proc., § 2061, subd. 5.)"[6]

The issue was thereafter presented in the context of a claim by an appellant that this court had the right and duty to determine whether a finding of fraud was supported by clear and convincing evidence. In *Noll* v. *Baida* (1927) 202 Cal. 98, 101 [259 P. 433], we disclaimed any such power, and in so doing reaffirmed the standard of proof by a preponderance of the evidence: "in civil cases tried without a jury where fraud is an issue, it is for the trial court to determine the weight of the evidence, and while it cannot find fraud upon a mere suspicion, yet if there is any substantial evidence tending to prove fraud, it is for the trial court to determine whether such evidence outweighs or preponderates over that adduced in opposition thereto, and when the trial court has found that such evidence does so preponderate, its decision thereon is final, . . ." (Accord, *Divani* v. *Donovan* (1931) 214 Cal. 447, 452-453 [6 P.2d 247]; see also *Ryder* v. *Bamberger* (1916) 172 Cal. 791, 800 [158 P. 753].)

The foregoing decisions of this court should have laid to rest the early belief that civil fraud must be proved by more than a preponderance of the evidence. Any lingering doubt on the point, moreover, should have been removed by the enactment of the Evidence Code. As noted, the decisions calling for a standard of proof by clear and convincing evidence (fn. 4, *ante*) relied heavily on the "presumption" against fraud and in favor of honesty and fair dealing; indeed, this "presumption" was

---

[6]The same reasoning—i.e., that judicial expressions purporting to require clear and convincing evidence must be read in the light of the statutory provision for proof by a preponderance of the evidence—has been invoked in nonfraud cases as well. (*Treadwell* v. *Nickel* (1924) 194 Cal. 243, 260 [228 P. 25] (oral modification of written contract); *Pellaton* v. *Brunski* (1924) 69 Cal.App. 301, 306 [231 P. 583] (broker's action for commission); *Estate of Janvier* (1935) 7 Cal.App.2d 624, 626-627 [46 P.2d 792] (undue influence); *Olson* v. *Union Oil Co.* (1938) 25 Cal.App.2d 627, 630 [78 P.2d 446] (speed in excess of statutory limit).)

even described as "approximating in strength" the presumption of innocence accorded to those accused of crime (*Truett* v. *Onderdonk* (1898) 120 Cal. 581, 588 [53 P. 26]). Yet as will appear, it was not a presumption at all.

The matter was originally codified as the statutory presumption "That a person is innocent of crime or wrong." (Former Code Civ. Proc., § 1963, subd. 1.) In drafting the Evidence Code, however, the California Law Revision Commission reexamined the true role of this provision and its companion "presumption" that a person takes ordinary care for his own concerns (*id.,* subd. 4). The commission concluded that "these so-called presumptions do not arise from the establishment or proof of a fact in the action. In fact, they are not presumptions at all but are preliminary allocations of the burden of proof in regard to the particular issue." (Cal. Law Revision Com. com. to Evid. Code, § 500, 29B West's Ann. Evid. Code (1966 ed.) p. 432.) The commission therefore recommended that the "presumption" against crime or wrongdoing be repealed and replaced by a simple allocation of the burden of proof, and the Legislature complied by enacting Evidence Code section 520.[7] Accordingly, the matter is now governed by Evidence Code section 115, successor to Code of Civil Procedure section 2061, subdivision 5, which declares in relevant part that "Except as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence."[8]

We reject defendant's proposed distinction between the quantum of evidence required to support a finding of fraud—i.e., that it be a preponderance—and the "quality" of that evidence—i.e., that it be "clear and convincing." There are no degrees of "quality" of evidence in this state: no evidence is admissible except "relevant" evidence (Evid. Code, § 350), and except as provided by statute "all relevant evidence is

---

[7]"The party claiming that a person is guilty of crime or wrongdoing has the burden of proof on that issue."

[8]We recognize that an appellate court is empowered to "otherwise provide by law" in this context (*People* v. *Burnick* (1975) 14 Cal.3d 306, 314 [121 Cal.Rptr. 488, 535 P.2d 352]), but we adhere to the "law" deliberately declared in the foregoing decisions of this court applying the general civil standard of proof in fraud cases.

For the foregoing reasons, we disapprove of language in *K. King and G. Shuler Corp.* v. *King* (1968) *supra,* 259 Cal.App.2d 383, 396, footnote 6, which notes the above-stated legislative developments but infers that they abrogate rather than reaffirm the rule that a preponderance of evidence is adequate proof of fraud.

Lastly, we note it has long been settled that in civil cases even a criminal act may be proved by a preponderance of the evidence. (*Estate of Nelson* (1923) 191 Cal. 280, 286-287 [216 P. 368]; *Hearne* v. *De Young* (1898) 119 Cal. 670, 681-682 [52 P. 150, 499]; *Cooper* v. *Spring Valley Water Co.* (1911) 16 Cal.App. 17, 21-25 [116 P. 298].) Surely the proof of an act of civil fraud should require no higher standard.

admissible" (*id.,* § 351). ▇▇▇ The standard of proof by clear and convincing evidence is required on certain issues by statute (e.g., Civ. Code, § 7004, subd. (b) (to rebut statutory presumption of paternity)) and by case law (see cases collected in Witkin, Cal. Evidence (2d ed. 1966) § 210). But it remains an *alternative* to the standard of proof by a preponderance of the evidence, as Evidence Code section 115 clearly implies.[9] ▇▇▇ Defendant's proffered instruction would have created, rather, a cumulative standard of proof requiring the evidence to be "clear and convincing so as to satisfy you, the jury, by a preponderance of the evidence" that fraud was committed. Such a hybrid could only have confused the jurors as to their exact duty, and the trial court properly deleted the offending language before giving the instruction.[10]

Finally, we observe that in proposing an appropriate jury instruction on the standard of proof of fraud, the editors of California Jury Instructions, Civil, recommend neither clear and convincing evidence nor the foregoing hybrid formulation; rather, on the authority of *Edmonds, Divani,* and other decisions cited herein, it is urged that the jury be instructed to determine all issues of fraud by the ordinary civil standard of preponderance of the evidence. (BAJI No. 12.55 (5th ed. 1975 pocket pt.) pp. 126-127.) We approve the recommendation.[11]

It is against this background that we must view certain contrary language in *Aggregates Associated, Inc.* v. *Packwood* (1962) 58 Cal.2d 580 [25 Cal.Rptr. 545, 375 P.2d 425]. Among the issues in that case was whether the evidence was sufficient to support a finding that property was conveyed in fraud of creditors. (Civ. Code, § 3439.07.) In holding the evidence insufficient for this purpose, the court said (at p. 588): "While it is true that proof of fraud may, and must often be, made by circumstantial evidence (*Fross* v. *Wotton,* 3 Cal.2d 384, 393 [44 P.2d 350]), it remains. true that actual fraud must be proved by clear and

---

[9]Section 115 declares in relevant part that the burden of proof may require a party to establish the existence or nonexistence of a fact "by a preponderance of the evidence, by clear and convincing proof, *or* by proof beyond a reasonable doubt." (Italics added.)

[10]We are cited to no decision of this court explicitly approving such a hybrid instruction. In *Hanscom* v. *Drullard* (1889) 79 Cal. 234, 236-237 [21 P. 736], the jury were given both this hybrid and a charge that the standard of proof of fraud is a preponderance of the evidence; this court merely affirmed the judgment on the ground that "We have examined the instructions as given, and have become satisfied that, taken as a whole, they could not have misled the jury" (*id.,* at p. 238). We do not read this language as condoning the use of the hybrid instruction in future cases.

[11]Properly understood, the decisions of the majority of our sister jurisdictions also support the rule that civil fraud may be proved by a preponderance of the evidence. (See 37 C.J.S., Fraud, § 114; 37 Am.Jur.2d, Fraud and Deceit, §§ 468-470.)

convincing evidence (*United States Fid. & Guar. Co.* v. *Postel*, 64 Cal.App.2d 567, 571 [149 P.2d 183]), and that 'where the circumstances of the transfer comport equally with the theory of honesty and fair dealing, fraud will not be found.' (*Hedden* v. *Waldeck*, 9 Cal.2d 631, 636 [72 P.2d 114].)"

The first of the quoted propositions is manifestly correct. The third, although premised on the former "presumption" of honesty and fair dealing, remains good law if it is read to mean simply that when the circumstances shown are equally consistent with fraud and with innocence, the plaintiff has failed to carry his burden of proving the fact of fraud by a *preponderance* of the evidence.[12]

However, the second quoted proposition from *Aggregates*—i.e., that fraud "must be proved by clear and convincing evidence"—is inconsistent with the law as laid down by this court in *Bullard, Edmonds, Noll,* and similar decisions cited above. It is also in conflict with cases declaring the proper standard of proof in the particular context of a claim that property was conveyed in fraud of creditors: thus in *Asadoorian* v. *Kludjian* (1930) 210 Cal. 564, 565 [292 P. 644], this court stated as a settled rule that such a claim raises a question of fact and although the burden of going forward with evidence may shift according to the proof, "fraud must ultimately be proved by a preponderance of the evidence." (Accord, *Arnold* v. *Hadgis* (1951) 102 Cal.App.2d 88, 93 [226 P.2d 641]; *Jackson* v. *Burke* (1954) 124 Cal.App.2d 519, 526 [269 P.2d 137]; *Boness* v. *Richardson Mineral Springs* (1956) 141 Cal.App.2d 251, 262 [296 P.2d 581].)

The *Aggregates* opinion, however, cites none of these decisions. Its sole reference is to a 1944 Court of Appeal case which itself cites no authority and, in requiring clear and convincing evidence of a fraudulent conveyance, was contrary to our rule in *Asadoorian.* It thus appears that the language used in *Aggregates* on this point was not well considered. In addition it was essentially dictum: inasmuch as the opinion concludes that the evidence of fraud in *Aggregates* "rises no higher than mere surmise and conjecture" (58 Cal.2d at p. 588), the proof would have been insufficient as a matter of law even under the preponderance of the

---

[12]No other meaning is permissible today: the Evidence Code repealed not only the "presumption" against fraud, but also the former rule that a presumption is itself "evidence" that can be weighed against evidence to the contrary. (Evid. Code, § 600, subd. (a), and com. thereto.)

evidence test. For the foregoing reasons, *Aggregates* is no longer to be followed on the issue of the standard of proof of fraud in civil cases.[13]

### Conclusion

Defendant Sahadi is the "prevailing party" in both the appeal and the cross-appeal from the new trial order, within the meaning of rule 26(a) of the California Rules of Court. He is therefore entitled to his costs on appeal.

The order granting a new trial on the issue of damages only is reversed, and the cause is remanded to the trial court with directions to vacate the judgment and order a new trial on all issues. The appeal from the judgment is dismissed. Defendant Sahadi is awarded his costs on appeal.]

---

[13]Nor is any inference to be drawn from language in *Thompson* v. *Occidental Life Ins. Co.* (1973) 9 Cal.3d 904, 919 [109 Cal.Rptr. 473, 513 P.2d 353], in which we said that "Some cases have even assumed that fraud must be proven by 'clear and convincing' evidence. (See *K. King and G. Shuler Corp.* v. *King*, 259 Cal.App.2d 383, 396 [66 Cal.Rptr. 330]; *Farmers Auto. etc. Exch.* v. *Calkins*, 39 Cal.App.2d 390, 393 [103 P.2d 230]; but see *Sierra Nat. Bank* v. *Brown*, 18 Cal.App.3d 98, 104-106 [95 Cal.Rptr. 742] [preponderance of evidence sufficient].)" Again our earlier decisions in point are not cited; *Thompson* in fact takes no position on the issue; and as noted above (fn. 8, *ante*), we disapprove herein of the reasoning in *King*.