[S.F. No. 23493. Dec. 21, 1976.]

JOHN FRANCIS LINHART, Plaintiff and Respondent, v.
SCOTT DONALD NELSON et al., Defendants and Appellants.

**COUNSEL**

Ericksen, Ericksen, Lynch, Mackenroth & Arbuthnot, Robert A. Seligson and Patrick A. Nielson for Defendants and Respondents.

Memering, Stumbos, DeMers, Ford & Norris, William B. Boone and Terrence J. Ford for Plaintiff and Respondent.

**OPINION**

**CLARK, J.**—Defendants appeal from judgment in favor of plaintiff for personal injury following an automobile accident. We granted hearing to consider whether a party has a right to subpoena jurors to testify in support of a motion for new trial.

Defendants moved for a new trial on the basis of jury misconduct. In support of this motion, they filed their investigator's affidavit. This affidavit alleges that the investigator interviewed eight jurors following trial, that four jurors indicated liability insurance had been mentioned during the jury's deliberations, and that three of these jurors also stated attorney fees had been considered. Another juror said that while attorney fees had been mentioned, they had not been used as an argument to increase the award. Further, the jurors discussed the factors relied upon in finding liability and damage. The investigator then prepared affidavits for the five jurors who indicated a willingness to sign. However, when he returned to obtain the signatures he was informed plaintiff's attorney had telephoned in the interim and "cautioned" the jurors against signing.[1] Only the foreman signed the prepared affidavit.

The foreman's affidavit states that attorney fees, medical expenses, pain and suffering, and the contention that the greater the award the more money plaintiff's attorney would receive had been discussed during deliberations.

Plaintiff filed two affidavits in opposition to the motion for new trial—a second affidavit by the foreman and an affidavit of another juror. These affidavits stated that the subjects of attorney fees and insurance had been discussed, but that the discussion had ended after other jurors pointed out that there was no evidence on those subjects and that their verdict was to be based only on the evidence and the law as instructed by the judge. Further, these affidavits state the ultimate award had been based solely on compensation for injury, disability, and medical expense.

Defendants subpoenaed three jurors to testify at the hearing on the new trial motion. The trial court refused to admit testimony from the jurors and denied the motion for new trial.

Code of Civil Procedure section 657 specifies the grounds for a new trial. The first four subdivisions include: (1) irregularity in proceedings or any order or abuse of discretion preventing a fair trial; (2) misconduct of the jury; (3) accident or surprise; and (4) newly discovered evidence. Code of Civil Procedure section 658 provides: "When the application is made for a cause mentioned in the first, second, third and fourth subdivisions of the last section, it must be made upon affidavits;

---

[1]Four of the five had voted in favor of the eleven to one verdict.

otherwise, it must be made on the minutes of the court." Section 659a of the code establishes time limits for filing affidavits and counteraffidavits.

■ "As the motion for a new trial finds both its source and its limitations in the statutes (*Malkasian* v. *Irwin* (1964) *supra,* 61 Cal.2d 738, 745 [40 Cal.Rptr. 78, 394 P.2d 822]), the procedural steps prescribed by law for making and determining such a motion are mandatory and must be strictly followed [citations]." (*Mercer* v. *Perez* (1968) 68 Cal.2d 104, 118 [65 Cal.Rptr. 315, 436 P.2d 315].) In *Cembrook* v. *Sterling Drug Inc.* (1964) 231 Cal.App.2d 52, 65-67 [41 Cal.Rptr. 492], the court upheld the rejection of testimony from subpoenaed witnesses offered in support of a motion for new trial. Recognizing the proceedings to be strictly statutory, the court held that when the motion is based on one of the first four grounds of section 657, and on facts outside the record, section 658 limits the presentation exclusively to affidavits.

The grounds for new trial set forth in the first four subdivisions of 657 are obviously broad. To allow a disappointed litigant to call witnesses in support of his motion could effectively allow retrial of his case. Because of the short time limitations on new trial proceedings (Code Civ. Proc., §§ 659, 660), parties opposing the motion would be unable to discover proposed testimony prior to hearing, therefore being compelled to subpoena witnesses to guard against surprise and newly discovered evidence. The statutes were not so intended. ■ Rather, the provision requiring the moving party to file all affidavits within 10 days of notice of motion (Code Civ. Proc., § 659a) makes clear that opposing parties are to be apprised not only of grounds but also of the entire presentation in time to allow counteraffidavits—and without the burden of gathering witnesses.

While a new trial hearing based on a charge of jury misconduct would not necessarily constitute retrial of the merits, permitting jurors or other witnesses to testify for one party would mean that opposing parties—unaware of the proposed testimony—would be obligated to subpoena all jurors and all other witnesses in preparation for hearing.

Moreover, permitting counsel for the losing party to interrogate unwilling trial jurors touches the integrity of our venerable jury process. First, once aware that after sitting through a lengthy trial he himself may be placed on trial, only the most courageous prospective juror will not seek excuse from service. Secondly, if jury deliberations are subject to

compulsory disclosure, independent thought and debate will surely be stifled. (*Clark* v. *United States* (1932) 289 U.S. 1, 13 [77 L.Ed. 993, 999, 53 S.Ct. 465].)

We conclude that a motion for new trial on grounds enumerated in the first four subdivisions of section 657 must be presented solely by affidavit. Insofar as it is contrary, *Saltzman* v. *Sunset Tel. etc. Co.* (1899) 125 Cal. 501 [58 P. 169], is overruled.[2]

Having examined defendants' other contentions, we find them of insufficient merit to warrant discussion.

The judgment is affirmed.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Sullivan, J., and Richardson, J., concurred.

Appellants' petition for a rehearing was denied January 19, 1977.

---

[2]Defendants inaccurately contend *Bardessono* v. *Michels* (1970) 3 Cal.3d 780, 793-794 [91 Cal.Rptr. 760, 478 P.2d 480, 45 A.L.R.3d 717], holds that a litigant may call witnesses in support of motion for new trial. The *Bardessono* court merely noted the *Saltzman* holding, neither applying it nor relying upon it in the opinion.