[No. F034098. Fifth Dist. Mar. 4, 2002.]

LAUREN H., a Minor, etc., et al., Plaintiffs and Appellants, v.
TILLAIKARASI KANNAPPAN et al., Defendants and Respondents.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part I.

**COUNSEL**

Law Offices of David Drexler and David Drexler for Plaintiffs and Appellants.

LeBeau, Thelen, Lampe, McIntosh & Crear, Dennis R. Thelen and W. Steven Shayer for Defendants and Respondents.

## Opinion

**DIBIASO, Acting P. J.**—Appellant Lauren H. (Lauren), through her guardian ad litem, Renae Romandia, sued respondents Dr. Tillaikarasi Kannappan and San Dimas Medical Group, alleging personal injury, medical malpractice and negligence. Lauren suffered permanent damage as a result of certain conditions and events which occurred during her birth at San Dimas. Kannappan was the physician responsible for Lauren's delivery.

The trial court granted respondents' postverdict motion for a new trial on all issues of liability and damages and did not decide appellant's motion for a new trial on damages only. The trial court's specification of reasons for its new trial order stated:

"The Court finds the evidence legally inadequate to support a finding that the Plaintiffs' economic damages are in the amount of $150,000.00. The only credible evidence in this case was that the economic damage sustained by the Plaintiff was future medical expenses which was estimated to be between $10,000.00 and $15,000.00.

"The Court finds the evidence to be legally inadequate to sustain a finding that the Plaintiff did not sustain any non-economic damages. The evidence was that the Plaintiff sustained trauma at birth and a disfiguring injury for which the only reasonable inference would be that she would have anxiety and embarrassment irrespective of her ability to cope with her disfigurement.

"The motion for new trial on all issues of liability and damages is granted. The evidence on liability was sharply disputed and the jury finding of zero non-economic damages causes the Court to conclude that the jury rendered a compromise verdict."[1]

## Discussion

Reduced to its essence, appellant's contention is that the trial court erred in finding a compromise verdict and therefore the portion of the order which directed a new trial on liability must be overturned because the finding of a

---

[1]We adopt appellant's position that the sole basis identified by the trial court as the ground for the order granting a new trial was "insufficiency of the evidence" as to both economic and noneconomic damages (Code Civ. Proc., § 657, subd. 6). We therefore will "presume[] that said order as to such ground[s] was made only for the reasons specified in [the trial court's] . . . specification of reasons [for the order], and such order shall be reversed as to such ground[s] only if there is no substantial basis in the record for any such reasons." (Code Civ. Proc., § 657.)

compromise verdict lacks support in the record. (Code Civ. Proc., § 657.)[2] Appellant stakes her case upon the three juror declarations she produced in opposition to respondents' new trial motion and claims the declarations "constituted *unrebutted, direct evidence* which *completely negated* any possible inference of compromise verdict." According to appellant, the facts described in the juror affidavits should have been "deemed admitted" or "established" for purposes of the court's ruling on the motion because respondents did not file juror counteraffidavits. (See *Chronakis v. Windsor* (1993) 14 Cal.App.4th 1058, 1066 [18 Cal.Rptr.2d 106] [quotient verdict]; *Lankster v. Alpha Beta Co.* (1993) 15 Cal.App.4th 678, 681 [18 Cal.Rptr.2d 923] [juror misconduct]; *Tapia v. Barker* (1984) 160 Cal.App.3d 761, 765 [206 Cal.Rptr. 803] [juror bias].)

Respondents maintain the new trial order must be affirmed notwithstanding the absence of counteraffidavits because the record discloses the classic indicia of a compromise verdict. Respondents rest their case upon the principle that an order for a complete new trial is compelled when certain circumstances are shown to exist, such as inadequate damages and a close question as to liability. (See *Leipert v. Honold* (1952) 39 Cal.2d 462, 467 [247 P.2d 324, 29 A.L.R.2d 1185]; *Rose v. Melody Lane* (1952) 39 Cal.2d 481, 489-490 [247 P.2d 335].) Respondents also assert that the juror declarations were entirely inadmissible under Evidence Code section 1150.

I.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II.

Appellant is incorrect that the three juror declarations must be deemed to have conclusively disproved a compromise verdict. Appellant misapprehends the nature of the decision made by the trial court and the posture of the appeal before us. ■ The rule affording primacy to unopposed affidavits is confined in its application to new trial motions based upon irregularity in the proceedings, jury misconduct, accident or surprise, and newly discovered evidence, because the governing statute directs that motions on these grounds "must be made upon affidavits." (§ 658; see *Linhart v. Nelson* (1976) 18 Cal.3d 641, 644 [134 Cal.Rptr. 813, 557 P.2d 104] [statute strictly construed; no oral testimony by jurors permitted].) Though respondents' motion for a new trial was in part based upon irregularity in the proceedings (§ 657, subd. 1) and jury misconduct (§ 657, subd. 2), the trial court granted

---

[2]All statutory references are to the Code of Civil Procedure unless otherwise indicated.
*See footnote, *ante,* page 834.

the motion on different grounds—that is, insufficiency of the evidence (§ 657, subd. 6). (See *Tramell v. McDonnell Douglas Corp.* (1984) 163 Cal.App.3d 157, 171 [209 Cal.Rptr. 427] [Although jury misconduct is a distinct ground for granting a new trial, evidence of jury misconduct may be relevant to a determination that damages were excessive, another distinct ground for granting a new trial.]; *Stevens v. Parke, Davis & Co.* (1973) 9 Cal.3d 51, 59-60 [107 Cal.Rptr. 45, 507 P.2d 653, 94 A.L.R.3d 1059] [a finding that damages are excessive is equivalent to a finding that the evidence is insufficient to support the award].) When a motion is made upon the ground of insufficient evidence, it "must be made on the minutes of the court."[4] (§ 658.) Necessarily, then, the "minutes of the court" will support a new trial order based upon subdivision 6 of section 657.

We find nothing to the contrary in *Tramell v. McDonnell Douglas Corp., supra,* 163 Cal.App.3d at page 157, relied upon by appellant. *Tramell* simply acknowledged that evidence of jury misconduct may be pertinent to a new trial motion based upon alleged excessive damages, even though jury misconduct is "in itself a ground for granting a new trial." (*Id.* at p. 171.) *Tramell* does not anywhere say that unopposed juror affidavits are conclusive when presented in opposition to a new trial motion brought on the ground of insufficient evidence.

█ Appellant is also incorrect in her assumption that the notion of a compromise verdict, as it is relevant to this case, constitutes procedural irregularity (§ 657, subd. 1) or jury misconduct (§ 657, subd. 2) and thus that respondents' motion should have been resolved in appellant's favor as the party who produced unchallenged affidavits. Whether or not a compromise verdict would furnish a *substantive* basis for a new trial motion under one of the other subdivisions of section 657, an issue we need not address, the existence of a compromise verdict becomes a *procedural* question relevant to the proper scope of the new trial order when the new trial is granted under subdivision 6 of section 657—that is, whether the new trial may be limited to the issue as to which the evidentiary problem was found or instead must encompass all litigated issues. (See discussion at 8 Witkin, Cal. Procedure (4th ed. 1997) Attack on Judgment in Trial Court, § 113 et seq., p. 617 et seq.; Wegner et al., Cal. Practice Guide: Civil Trials and Evidence (The Rutter Group 2001) ¶ 18:423 et seq., pp. 18-86 et seq (rev. #1 1999).) Many factors beyond the adequacy of a damage award are relevant to the decision about whether a verdict is a product of compromise (8 Witkin, California

---

[4]The "minutes of the court" include the records of the proceedings entered by the judge or courtroom clerk, showing what action was taken and the date it was taken (Gov. Code, § 69844) and may also include depositions and exhibits admitted into evidence and the trial transcript. (§ 660.)

Procedure, *supra*, Attack on Judgment in Trial Court, § 115, p. 620). These other factors would be immaterial if the deficiency which furnished the basis for the new trial order was alone enough to mandate a comprehensive new trial. Nothing in the relevant statutes, case law, or secondary authorities remotely suggests that the rule according decisive effect to uncontested affidavits applies to the resolution of the question, when posed for the purpose of determining the issues to be retried, whether the verdict was a compromise.

The inapplicability of the "deemed admitted" rule pertaining to unchallenged juror affidavits may not mean the affidavits submitted by appellant were inadmissible.[5] What it does mean, however, is that such uncontested affidavits, if admissible, were not decisive, and the trial court, as the trier of fact (*Lane v. Hughes Aircraft Co.* (2000) 22 Cal.4th 405, 412 [93 Cal.Rptr.2d 60, 993 P.2d 388]), was entitled to rely upon the "minutes of the court," to the extent they supported respondents' motion and the relief requested by respondents.

### III.

█ The trial court's decision that the new trial should not be restricted to damages and should also encompass liability is supported by substantial evidence and therefore was not an abuse of the trial court's considerable discretion. (*Lane v. Hughes Aircraft Co., supra,* 22 Cal.4th at p. 412 [The factual findings made by a trial court when it grants a motion for a new trial are entitled to the "same deference that an appellate court would ordinarily accord a jury's factual determinations."].)

█ Witkin addresses the topic of compromise verdicts as follows: "Verdicts are sometimes rendered in personal injury or death actions that, in view of the evidence of injuries, suffering, and medical and other expenses, are clearly inadequate. Common experience suggests that these are the result of compromise, some jurors believing that the evidence fails to establish liability, but yielding to the extent of agreement on a small recovery. It would be unfair to the defendant to ignore this unmistakable evidence of compromise and to accept the verdict for the plaintiff at face value as a determination of liability. Accordingly, it is well settled that the error calls for a general new trial, and a limited order is an abuse of discretion. [Citations.]" (8 Witkin, Cal. Procedure, *supra,* Attack on Judgment in Trial Court, § 115, pp. 619-620.)

---

[5]Although we do not decide the point, we have not found anything in the authorities which disables affidavits from being offered in opposition to any part of a new trial motion required to be brought upon "the minutes of the court."

Other indicators of a compromise verdict are (1) a close verdict; (2) jury requests for readback; (3) jury indecision whether the plaintiff should recover a certain amount or nothing; (4) a subsequent jury election to straddle and award a compromise recovery in a lesser amount than that to which plaintiff would be entitled if plaintiff prevailed; and (5) a short trial. (*Leipert v. Honold, supra,* 39 Cal.2d 462; *Rose v. Melody Lane, supra,* 39 Cal.2d at p. 489; 8 Witkin, Cal. Procedure, *supra,* Attack on Judgment in Trial Court, § 115, p. 620; 7 Witkin, Cal. Procedure, *supra,* Trial, § 364, p. 414.) When this sort of *"unmistakable* evidence" (8 Witkin, Cal. Procedure, *supra,* Attack on Judgment in Trial Court, § 115, p. 620, italics added) is present, "the only reasonable conclusion" to be drawn "is that the jurors compromised the issue of liability" (*Rose v. Melody Lane, supra,* 39 Cal.2d at p. 489). It is an abuse of discretion to grant only a partial new trial when liability is close, the damages are inadequate, and the jury returns a nine-to-three verdict, all of which signal that the verdict was probably the result of a compromise of the liability issue. (*Shaw v. Hughes Aircraft Co.* (2000) 83 Cal.App.4th 1336, 1346 [100 Cal.Rptr.2d 446].)

 The record contains abundant evidence of such a verdict. The evidentiary portion of the trial was relatively short—approximately three and a half days. The jury deliberations were relatively long—a further three days. The expert witnesses held diametrically opposed views concerning Kannappan's adherence to the applicable standard of care during the delivery.[6] Additionally, the jury rendered a nine-three verdict on liability; a jury deadlock had occurred on the first full day of deliberations; the court subsequently had given a deadlocked-jury admonition; there had been a later mistaken verdict; and still further deliberations had been conducted.

We recognize the trial court's findings included a determination that the jury's award for economic damages exceeded what the evidence might have justified. Though excessive damages has not been regarded as a hallmark of a compromise verdict, such a finding does not invariably limit the resulting retrial to damage issues. (See *Liodas v. Sahadi* (1977) 19 Cal.3d 278, 285-286 [137 Cal.Rptr. 635, 562 P.2d 316].) Given the conflicting evidence

---

[6]Appellant's expert testified that Kannappan had violated the standard of care by creating the emergency which led to the injuries to Lauren. In contrast, respondents' expert testified that Kannappan's treatment of Romandia during the entire delivery had met all standards of care. Additionally, Kannappan testified she had not violated "any standard of care issue." Appellant's opening brief focuses exclusively on the testimony of her expert and completely ignores the countervailing evidence from respondents' expert and Kannappan. With respect to appellant's claim that the evidence of Kannappan's negligence was "overwhelming," we will not "extend [our] inquiry for the purpose of determining whether appellant's evidence was as 'overwhelming' as [she] claims" it was. (*Buckhantz v. R. G. Hamilton & Co.* (1945) 71 Cal.App.2d 777, 780 [163 P.2d 756].)

of liability, the jury's mishandling of both aspects of damages, and the presence of the other many signs of a placatory verdict in the case here, we cannot say the trial court's decision to order a complete new trial was a manifest abuse of discretion. (*Ibid.*)[7]

## DISPOSITION

The judgment is affirmed. Respondents are awarded costs on appeal.

Wiseman, J., and Cornell, J., concurred.

Appellants' petition for review by the Supreme Court was denied June 12, 2002.

---

[7]All other issues raised by the parties are moot.