Filed 10/16/23  Torres v. Shibata CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| MELISSA RENEE TORRES, Plaintiff and Appellant, v. JEFFREY NAOJI SHIBATA, Defendant and Respondent. | B323810 Los Angeles County Super. Ct. No. VF014946 |

APPEAL from an order of the Superior Court of Los Angeles County.  James E. Horan, Judge.  Affirmed.

Melissa Renee Torres, in pro. per., for Plaintiff and Appellant.

Westover Law Group and Andrew L. Westover for Defendant and Respondent.

_____

## SUMMARY

Plaintiff Melissa Renee Torres appeals from an order granting sole legal and physical custody of her daughter, D.S., to D.S.'s father, defendant Jeffrey Naoji Shibata. We affirm the order based on plaintiff's multiple failures to present the case fairly, cite the record, refer to the standard of review, present meaningful legal arguments, or otherwise comply with court rules and principles governing appellate review. In any event, our examination of the record shows there is no merit to plaintiff's contentions.

## FACTS

Litigation between the parties, who are not married, began in November 2016, when plaintiff filed a parentage petition and request for orders concerning custody, visitation and child support. Father did not appear, and in January 2017 the court ordered joint legal custody of D.S. to both parties and sole physical custody to plaintiff, with father's visitation "pursuant to any mutual agreement between the parties."

Plaintiff subsequently filed several defective requests for entry of father's default.

In the fall of 2019, father, who had moved to the Palm Springs area (plaintiff lived in Long Beach), filed a request for custody and visitation orders, which was denied without prejudice because it was filed under the wrong case number. The record does not include any other court orders or hearing transcripts after the January 2017 order until June 17, 2020.

In April and June 2020, both parties requested domestic violence restraining orders against the other. These were in connection with a physical altercation in April involving both parents and father's wife, which occurred while father was dropping off the child at plaintiff's home.

2

On June 17, 2020, the court denied both requests for restraining orders, finding both parents failed to meet their burdens of proof. The court ordered joint physical custody, with each parent to have significant periods of physical custody, and set a parenting time schedule, with father responsible for transportation. After June 2020, the parties began to make unilateral decisions, with plaintiff withholding the child from father, and later father failing to return the child after a visit.

Meanwhile, in July and August 2020, plaintiff filed an order to show cause re contempt and another request for a restraining order, and then did not appear at the hearings.

In March 2021, father filed a request for custody orders, and the court appointed counsel for D.S. On April 29, 2021, the court set the case for a short cause trial on August 17, 2021. The court stated the primary focus would be on whether, as plaintiff claimed, domestic violence had occurred in the child's presence in 2021.

At the August 17, 2021 hearing, the court concluded there was some evidence of father pushing his wife in D.S.'s presence, but "it's not enough that it would significantly change the orders." Both parents sought to be the "school day" parent. Minor's counsel reported D.S. loved and was comfortable with both parents (although "not real comfortable" with father's wife) but she preferred to live with plaintiff and to remain at the only school she had ever attended. The court ordered that plaintiff would choose D.S.'s school; admonished plaintiff about D.S.'s tardiness and absences from school; and awarded father visitation on all weekends. The court continued the trial to January 5, 2022.

The case was apparently further continued to April 5, 2022, when the court (a different judge) granted father's request that

the same judge who entered the previous orders hear the case, which was then set for April 28, 2022.

At the April 28, 2022 hearing, the court, among other things, ordered that father's wife was not to be involved in any discipline or to be the primary caretaker during father's custodial time; admonished plaintiff to get the child to school on time; made orders concerning therapy for the child; and set a schedule for physical custody over the summer break. The court indicated it "wants to see changes in both parents for the best interest of their daughter." The trial was continued to June 16, 2022.

At the June 16, 2022 hearing, the court ordered continuation of the custodial schedule and child therapy, and continued the trial to August 8, 2022.

On August 8, 2022, plaintiff did not appear for the hearing. D.S.'s counsel reported that, while the court had ordered a week-on, week-off custody schedule, plaintiff had not allowed D.S. to go to father's home since approximately June 25, or for the past six weeks, repeating her conduct earlier in the case of withholding custody from father. D.S. had had no counseling; father had located a therapist, but plaintiff would not sign the authorization. D.S. had been absent for 50 days of the school year.

After much discussion, the court ordered sole physical and legal custody to father. The court stated, among other things:

"[W]hen, as is the case here, despite so many efforts, I cannot get the parents to co-parent appropriately, I have to make a decision in terms of giving custody to one parent or the other. [¶] And currently that is a no-brainer. The relationship with Dad is good. The worst situation, the worst thing that can be said, is [D.S.] is not entirely comfortable with stepmom. That's a small problem compared to all the other problems in the case.

"Mom is failing at every level right now. She won't come to court. She did not fix the school attendance problem, which we

4

spent hours on in court. It has been the primary issue at times. She can't get her child into therapy over months, maybe more than a year. Unilateral decisions. Allegations that don't stand up over time. [¶] She has a loving relationship with her daughter, but other than that she is currently not acting in a way that is consistent with California law whatsoever."

And:

"It's not a close call today. Continued primary time with mother is just continuing every single problem. We haven't fixed one. I don't know how long we go back, but it feels like three or four years. . . . [¶] . . . [¶] This is a huge decision, and I'm concerned that it may cause some damage. But [father] is doing great. The child has a minor's counsel with a good relationship. [¶] As soon as you can prepare a findings and order—or a judgment, actually, giving sole physical and sole legal to Dad, the sooner I can sign it. And then he can show that to the police. [¶] Try to get custody back without an event in front of the child. But let Mom know she no longer has physical or legal custody until she comes to court.

"And then petitioner/mother is noticed for sanctions under Family Code 271, including for her failure to obey court orders and for her conduct, overall conduct, of this litigation, which has caused incredible delay and incredible harm to the child in terms of education and emotional well-being."

Father's attorney indicated he would prepare the judgment, and asked the court in the meantime to "make the minute order the findings and order after hearing," so that father could enforce the ruling immediately with law enforcement authorities. The findings and order after hearing, signed August 8, 2022, gave father sole physical and legal custody "forthwith," and gave father discretion to ensure that visitation for plaintiff "is conducted in a safe and reasonable manner." The order also

stated, apparently by mistake, that "Counsel for Petitioner" was to prepare the written judgment and submit it to the court for signature. (Plaintiff had no counsel, and father's counsel had said he would prepare the judgment.) No further hearings were set.

As it happened, no judgment was submitted by either party, and on September 26, 2022, plaintiff filed an appeal from the August 8, 2022 orders.

## DISCUSSION

As a preliminary matter, we note that one of father's responses to plaintiff's appeal is his contention that the August 8, 2022 order is not appealable because it was a temporary child custody order. Father cites several comments by the court at the August 8, 2022 hearing indicating plaintiff could come back to court. (These were statements such as "sole physical and sole legal to Dad until further court order"; plaintiff "can come into court. Hopefully she will come into court, if she can. She can challenge them [the orders]"; and "[b]ut for now, until further court order, Dad has sole physical, sole legal [custody].") We disagree with father's contention that these comments made the August 8, 2022 order a temporary child custody order.

Father is right that a temporary child custody order is not appealable. (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 558 [no statute expressly makes temporary custody orders appealable, and there "is no independent constitutional basis for the appealability of these orders" (italics omitted)]; *id.* at p. 559 ["A temporary custody order is interlocutory by definition, since it is made pendente lite with the intent that it will be superseded by an award of custody after trial."].) In *Lester*, the temporary custody orders at issue *preceded* a trial on child custody. Here,

6

there *has been* a trial on child custody, spanning several days, and no further hearings were set.

In short, temporary custody orders are not appealable because there is still to be a trial on custody. This is not such a case. Here, the trial has occurred, no further hearings were set, and the order calls for preparation of a written judgment for the court's signature.[1] We therefore do not consider the order to be a temporary custody order.

Plaintiff's appeal nevertheless fails for multiple reasons.

First, plaintiff has forfeited her right to appeal by ignoring multiple principles governing appellate review. While plaintiff is representing herself, that does not excuse her failure to follow basic rules and principles. (See, e.g., *Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574 ["Although [the appellant] is representing himself in propria persona, he is not exempt from the rules governing appeals. A self-represented party is to be treated like any other party and is entitled to the same, but no greater, consideration than other litigants having attorneys."].)

By way of example, plaintiff's statement of facts comprises more than 30 pages, and the great majority of the recitation is not supported by citations to the record. "It is axiomatic that an appellant must support all statements of fact in his briefs with citations to the record [citation] and must confine his statement 'to matters in the record on appeal.'" (*Pierotti v. Torian* (2000) 81 Cal.App.4th 17, 29.)

Plaintiff fails entirely to mention the standard of appellate review of custody and visitation orders, which is the deferential

---

[1] On September 13, 2023, plaintiff filed a reply appendix that included a conformed copy of a judgment signed by the trial judge dated March 17, 2023.

7

abuse of discretion test. (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32; see *ibid.* ["The precise measure is whether the trial court could have reasonably concluded that the order in question advanced the 'best interest' of the child. We are required to uphold the ruling if it is correct on any basis, regardless of whether such basis was actually invoked."].)

Plaintiff has not complied with the fundamental principle requiring a full and fair presentation of the record. She recites the facts as she apparently believes them to be, and in the light most favorable to plaintiff, which is insufficient to demonstrate trial court error or prejudice. Nor does she provide meaningful legal arguments or citation of pertinent authority for her assertions of error.

Plaintiff's many breaches of the principles of appellate review are more than sufficient to support affirmance of the trial court's order. We have nevertheless reviewed the entire record and find no merit in any of her arguments.

Plaintiff's first contention is that the trial court violated the canons of judicial ethics by demonstrating bias against her and by ex parte communications. She asserts, for example, that "[e]very hearing the trial court would not allow [plaintiff] to speak," and "[n]early all of the hearings [plaintiff] got the impression that everyone had discussed the case together and she was not invited." In another argument, plaintiff alludes to "gender bias" and to "bias towards an unrepresented party." In yet another argument, plaintiff contends we should consider the trial judge was biased against mothers based on a previous case in which the judge's award of sanctions against the mother was reversed by the Court of Appeal (*Featherstone v. Martinez* (2022) 86 Cal.App.5th 775).

8

The transcripts of the hearings simply do not support any of these claims.  It was clear throughout that the court was always focused on D.S.'s best interest, and treated plaintiff no differently than it treated father.  (At the April 28, 2022 hearing, the court observed:  "This is the most remarkable case of symmetry that I have ever seen.  Identical denial.  Identical blaming of everybody else.  Identical inability to make adjustments.")  Indeed, the court ruled in plaintiff's favor during the trial on issues of which parent would have custody of the child and when.  Notably, plaintiff complains she was not allowed to cross-examine father (the court said, "Not yet"), but that was in connection with rulings the court made in plaintiff's favor, continuing primary custody during the school year with plaintiff. The claims of judicial bias in this case have no merit.

Plaintiff contends the court committed reversible error in awarding sanctions under Family Code section 271.  While the court stated at the hearing that plaintiff was "noticed for sanctions" (see *ante,* at p. 5), the record does not show any award of sanctions by the trial court, and plaintiff's notice of appeal does not refer to any such order.  There is nothing concerning sanctions for this court to review.

Plaintiff contends the court "failed to implement statutory requirements," referring to the court's denial of restraining orders sought by both parties in April and June 2020. Plaintiff cannot appeal now from the denial of restraining orders in 2020. Plaintiff also complains the trial court failed to make a finding of domestic violence, asserting there was "corroborated DV in [father's] home with his wife and in [D.S.]'s presence."  Plaintiff gives no record citations to support this claim, and a reviewing

9

court cannot, as plaintiff asserts, make a finding of domestic violence.

Plaintiff makes several other arguments—about stability for the child, her request for father's default in 2017, her claim the 2017 orders should be considered final orders, and the court's focus on whether or not domestic violence was happening in front of the child in 2021, rather than on the April 2020 incident. These are likewise meritless claims that need no discussion. (See, e.g., *Linhart v. Nelson* (1976) 18 Cal.3d 641, 645 ["Having examined defendants' other contentions, we find them of insufficient merit to warrant discussion."]; *People v. Garcia* (2002) 97 Cal.App.4th 847, 853 ["An appellate court is not required to address all of the parties' respective arguments . . . or express every ground for rejecting every contention advanced by every party."].)

## DISPOSITION

The order is affirmed. Respondent to recover costs on appeal.


GRIMES, J.

WE CONCUR:


STRATTON, P. J.


VIRAMONTES, J.

10